JOHN D. BATES & another, administrators, *vs.* ALEXANDER DEWSON & others.

Suffolk.    May 8, 1879.    COLT & AMES, JJ., absent.
November 18, 1879. — February 13, 1880.

A testator by his will directed that a house be purchased at a cost not exceeding one thousand dollars, to be held in trust for the benefit of his servant D. during his life, and "to revert to his family on his decease." D. died in the lifetime of the testator, leaving a widow, one child, and a stepson who had lived in D.'s family and been supported by him since his marriage. *Held*, that the question whether the legacy lapsed could not be determined on a bill in equity by the trustees under the will to determine the distribution or disposition of the legacy, without making the residuary devisees parties. *Held, also*, after they had been made parties, that the bequest did not lapse at D.'s death; that, in the absence of words manifesting a different intention, D.'s "family" meant his widow and child, and did not include his stepson; and that the sum of one thousand dollars should be paid to the widow and child in equal shares.

BILL IN EQUITY by the administrators with the will annexed of the estate of William H. Bordman, against Alexander Dewson, Edwin G. Walker and Eliza Dewson, to determine the distribution or disposition of the sum of $1000, held by the plaintiffs under the following clause in the will of the testator, dated Nov. 30, 1841: "To Alexander Dewson, my servant, I give a house to be purchased not exceeding in cost one thousand dollars, and an annuity during his life of one hundred dollars per annum. The house to be held in trust by Stephen H. Williams, and to be so legally placed as not to be liable for his debts, but to revert to his family on his decease; a sum of money sufficient to produce the sum of one hundred dollars interest per annum to be placed in the hands of said Williams, and the annuity to be paid to said Dewson personally."

The case was heard upon bill and answers, and reserved by *Morton*, J., for the determination of the full court, and was as follows:

Alexander Dewson, mentioned in the will, died in May 1851, leaving a widow, Eliza, a son named Alexander, and Edwin G. Walker, his stepson, the child of Eliza by a former husband. When Alexander and Eliza were married, this child was about three years of age, and lived with, was supported by, and formed one of the family of, Alexander from the time of the latter's

marriage to Eliza until his death. The testator died on June 15, 1872. Williams declined to accept the trust; and no trustee has been appointed in his place. All the defendants contended that the legacy of $1000 did not lapse by the death of Alexander Dewson named therein. The son contended that that sum should be paid to him as sole heir at law of his father. The widow and stepson contended that each was entitled to one third of this sum.

*G. A. James*, for the son.

*C. A. Prince*, for the widow and stepson.

THE COURT held that the question whether the legacy of $1000 lapsed by the death of Alexander Dewson before the death of the testator could not be decided, because the residuary devisees were not made parties, and *Discharged the report.*

The bill was then amended by making the residuary devisees parties; and they answered, submitting their rights to the judgment of the court. The case was heard upon bill and answers, and reserved by *Ames*, J., for the determination of the full court; and was argued by the same counsel.

GRAY, C. J. The testator directed a house to be purchased, at a cost not exceeding one thousand dollars, to be held in trust for the benefit of Alexander Dewson during his life, and to be conveyed to his family at his death. The gift in remainder to " his family " did not lapse by his death in the lifetime of the testator. " His family," in the absence of words manifesting a different intention, must be taken to mean his widow and child; *Bowditch* v. *Andrew*, 8 Allen, 339, 342; and not to include his stepson. No provision being made as to the proportions in which his widow and child shall take, and the reasons for investing the money in a house having ceased with his life, the sum of one thousand dollars is to be paid to them in equal shares. As to the annuity of one hundred dollars, no question is presented by the bill. *Decree accordingly.*