### MATTHEW MARVIN *et al.*

*v.*

### JOHN LEDWITH *et al.*

*Filed at Ottawa September 27, 1884.*

1. ESTATE IN REMAINDER—*whether vested or contingent—effect of a defeat of an intervening life estate.* A vested remainder is where the estate is fixed to remain to a determinate person after the particular prior estate is spent or comes to an end. A contingent remainder is where the estate in

remainder is limited to take effect either to a dubious and uncertain person or upon a dubious and uncertain event, so that the particular estate may chance to be determined and the remainder never take effect. An estate may vest in one, liable to be divested, for the benefit of another.

2. A devise which was as follows, "I give and bequeath to my wife, M., during her natural life, and after her death to J. L., all those tracts, "etc., describing the lands, vests a life estate immediately upon the testator's death in his widow, and the remainder in fee in J. L. The fact that the widow might renounce the will and take under the statute, did not render the remainder to J. L. contingent.

3. WILL—*renunciation by widow—effect on residue of devise.* Where land is devised, a life estate to the testator's widow, with remainder to a devisee named, it can not be rendered intestate property merely by the renunciation of the will by the widow. That will lessen the quantity of the estate devised, to the extent of the estate which the law gives the widow, but otherwise the property must pass by the will.

WRIT OF ERROR to the Circuit Court of Stephenson county; the Hon. WILLIAM BROWN, Judge, presiding.

The bill in this case was brought by Matthew Marvin and Mary Brown, against John Ledwith, Delia Biehl and Mary Franey, and was for the partition of the lands of which Robert Franey died seized. The facts all appear by admission on demurrer to the bill. It appears that Robert Franey, through whom the parties claim the land in question, died on the 12th day of June, 1877; that he left surviving him his widow, Mary Franey, but no children or descendants of any child, and that his only heir at law was his sister, Mary Brown, one of complainants. Afterwards, Mary Brown conveyed one-half of the interest she claimed in the land, to her co-complainant, Matthew Marvin, and it is in that way complainants claim one-half of the land of which decedent died seized. No question is made as to the other half of the land. That is conceded to be in one of defendants.

On the day of his death, Robert Franey made and published his last will and testament, which was afterwards duly admitted to probate. As to the validity of the will and the

regularity of the probate no question is made. Omitting the formal part, the following is a copy of the will:

"*First*—I give and bequeath to my wife, Mary Franey, during her natural life, and after her death to John Ledwith, all those tracts or parcels of land situate in the county of Stephenson, and State of Illinois, to-wit: the north-west quarter of the south-west quarter, and the south-east quarter of the south-west quarter, and the west half of the south-west quarter, all being in section number twenty-seven (27), in township number twenty-seven (27,) range six (6), east of the fourth principal meridian, excepting about four acres previously sold. And lastly, I give and bequeath all my personal property, of every name and nature, to my wife, Mary Franey, to be owned, used and possessed by her during her natural life; and all such personal property remaining after her death I give and bequeath to John Ledwith."

Afterwards, on the 20th day of July, 1877, the widow of the testator renounced, in due form of law, all benefit of the provisions made in the will for her, and elected to take her legal share of the estate of her late husband.

To the bill alleging these principal facts, with others of less importance, the court sustained the demurrer and dismissed the bill; and complainants bring the case to this court on error.

Mr. M. Marvin, for the plaintiffs in error, claimed that the estate created in the will was a contingent remainder, and that the life estate to the widow and the remainder to Ledwith constituted but one estate, in law. 2 Blackstone's Com. 168; 4 Kent's Com. (6th ed.) 234; 1 Fearne on Contingent Remainder, 307; 2 Washburn on Real Prop. 224.

The remainder was contingent. The preceding life estate upon which it depended was liable to terminate before the death of the widow. 4 Kent's Com. 206; 1 Fearne on Con-

tingent Remainder, 4, 368; *Purefoy* v. *Rogers*, 2 Saund. 382; *Doe* v. *Morgan*, 3 T. R. 765.

In construing the will of Robert Franey, chapter 41 of the Revised Statutes of 1874 (sec. 12, p. 424, title "Dower,") enters into and becomes a part of his will, and when he says, "I give and bequeath to my wife, Mary Franey, and after her death to John Ledwith," the statute inserts this contingency: provided the widow does not renounce the provisions made for her in the will. If she does, that will destroy the estate as it is created in said will, and the heirs will take the inheritance in fee simple. *Green* v. *Birch*, 2 Bradw. 532; *Matthias* v. *Cook*, 31 Ill. 87; 1 Fearne on Contingent Remainder, 363; 2 Washburn on Real Prop. 548; *Purefoy* v. *Rogers*, 2 Saund. 385; *Lessee of Thompson* v. *Hoop*, 6 Ohio St. 481.

The difference between a remainder and an executory devise is, that the first may be barred at the pleasure of the tenant of the preceding estate, (unless it may be a mere term,) but he who holds by force of an executory devise has an estate above and beyond the power and control of the first taker, who can not alienate or change or prevent its taking effect, according to the terms of the will, upon the happening of the contingency upon which it is limited. It does not depend upon the particular estate, but it operates by way of determination of the first estate limited, and the substitution of another in its place. Fearne on Contingent Remainder, 419, note b; *Nightingale* v. *Burrell*, 15 Pick. 110.

The remainder must be so limited as to await the natural determination of the particular estate, and not to take effect in possession upon an event which prematurely determines it. This is the true characteristic of a remainder, and the law will not allow it to be limited to take effect on an event which goes to defeat, or abridge, or work the destruction of the particular estate, and if limited to commence on such a condition it is void. 4 Kent's Com. 249; *Cogan* v. *Cogan*, Cro. Eliz. 360.

Mr. HENRY C. HYDE, for the defendant in error Ledwith:

There can be no doubt that by the will a life estate is devised to the widow, Mary Franey, and the remainder in fee, after her death, to the defendant Ledwith. From the date of the probate of the will (June 26, 1877,) to the date of the filing of her renunciation, (July 20, 1877,) the widow had an undoubted life estate in the land, which she might have conveyed so as to pass an estate for her life to her grantee. Upon the determination of that life estate, no matter whether by her death or her inability or refusal to accept, the remainder created by the will would take effect in possession at once,—and that is the true definition of a vested remainder. 4 Kent's Com. 202, 203; _Nicoll_ v. _Scott_, 99 Ill. 529.

Both the estate for life in the widow and the estate in remainder in John Ledwith were vested estates at the decease of the testator. 2 Redfield on Wills, 176, 215, 217; 2 Jarman on Wills, (Rand. & Tal.) 407.

The widow's renunciation can not destroy the will. The will remains, notwithstanding she has chosen to decline its provisions in her favor, and by no act of hers can it be annihilated and the estate of her husband converted into an intestate estate. _McMurphy_ v. _Boyles_, 49 Ill. 110.

By her renunciation of the will the widow determined her life estate in the whole land, and acquired, by virtue of the statute, an estate in fee to an undivided one-half of it, and by such determination of her life estate the remainder in fee to the defendant Ledwith in the other undivided half of the land was accelerated, and took effect in possession at once. 2 Jarman on Wills, (Rand. & Tal.) 159, 160; _Blatchford_ v. _Newberry_, 99 Ill. 48.

The statute gave the widow the power to defeat the testator's intention as to one-half the land, and she exercised that power by abandoning the will; but as to the remaining half of the land she had no such power, and there can be no doubt that by her act the remainder was accelerated, and the

defendant John Ledwith rightfully took possession at once, and that by the exchange of conveyances between him and the widow he was the owner in fee of the east half of said land.

Mr. JUSTICE SCOTT delivered the opinion of the Court:

The bill in this case is framed on the theory the lands of which Robert Franey died seized became intestate property on the filing of the renunciation of the benefit of his will by his widow, as was done, under the provisions of the statute, and that in consequence of such renunciation his widow would take one-half of the real estate absolutely, and the other half would go to his heirs at law, of whom complainant Mary Brown alone sustained that relation to the testator. If this view is sustained, it would exclude the devisee in the will from any interest whatever in the lands involved in this litigation.

It is assumed in support of this view of the case, the estate created by the will in the devisee was a contingent remainder, and was lost or was defeated when the life estate of the widow was terminated by the renunciation of the will. The argument in support of the position taken is, the life estate created by the will in the widow, and the remainder to John Ledwith, constituted but one estate, in law, and it is said, as the remainder depended upon the life estate for support, and by the act of the widow, there was no precedent estate,—"the thing supported must fall to the ground if once its support be severed from it." The reasoning on this branch of the case is subtle in the extreme, and so in the books that treat of the definition of estates at common law, the lines of distinction between vested and contingent remainders are so nicely drawn they are sometimes difficult to trace, and it is said in some instances a vested remainder would seem to possess the essential qualities of a contingent estate. But divesting the subject of all technical learning, it is seen the

simplest form of an estate vesting in succession at the same moment, is that of a fee simple devised to one for life, and after his decease to another in fee.   The first is an estate in possession, and the latter is a vested remainder.   A vested remainder is where the estate is fixed to remain to a determinate person after the particular estate is spent or comes to an end.   A contingent remainder is where the estate in remainder is limited to take effect either to a dubious and uncertain person or upon a dubious and uncertain event, so that the particular estate may chance to be determined and the remainder never take effect.   The principle is, the precedent particular estate and the remainder are one estate, in law, and hence the rule is, they must subsist and be *in esse* at one and the same time, either during the continuance of the first estate, or at the very instant when that is determined, so that no other estate can come between them.   (2 Blackstone's Com. 168.)   It will be seen the will in this case creates a vested remainder in the devisee, within these common law definitions.   The estate devised was a fee simple. A life estate was devised to the widow, and the fee to Ledwith.   On the death of the testator both estates became vested.   The fee vested in the devisee during the continuance of the precedent particular estate, and that is all the law requires to make it a vested remainder.   Had the widow never renounced the benefit of the will, it would not be insisted the fee did not pass to the devisee.   It vested in him on the death of the testator and during the continuance of the particular estate which supported it.   That was the condition for some time after the death of the testator.   It is true that as to one-half of the estate it was subject to be divested at the election of the widow, which was done.   That is consistent with law.   An estate may vest in one, liable to be divested, for the benefit of another.   This construction of the will finds support in the doctrine of *Nicoll* v. *Scott*, 99 Ill. 529.

But the whole bill rests upon a mistaken theory. It is, that after the widow renounced the benefit of the will the estate devised was intestate property. Such is not the law. It is still testate property, and the statute has provided for equalizing bequests and legacies in cases where the widow renounces the will. That is a legislative construction of the statute, under which the will may stand. This is not a new question in this court. In *McMurphy* v. *Boyles*, 49 Ill. 110, a question closely allied to the one involved in this case was considered. The testator left considerable personal estate, and provided by his will the income of one-half of it should be paid to his wife during her life, and disposed of the other half. The widow in that case, as in this, renounced the benefit of the will. There were no children or descendants of any child, and the widow claimed the entire estate on the ground it was intestate property. It was held the will remained, notwithstanding the widow chose to decline its provisions in her favor, and that by no act of hers could it be annihilated and the estate of her husband be converted into intestate property. That is precisely the case here. Notwithstanding the widow declined the provisions of the will of her husband made for her benefit, his will must stand. The effect may be, and doubtless is, that the quantity of the estate devised may be lessened, but that does not prevent the remainder from passing to the devisee. It is still testate property, and is not subject to distribution among the heirs of the decedent, as is intestate property. In no view that can be taken could the property be divided among the heirs, and complainants' bill was therefore properly dismissed.

The decree of the circuit court must be affirmed.

*Decree affirmed.*