## DUNCAN *v.* LIDDLE.

Opinion delivered February 28, 1916.

INFANTS—SALE OF LAND FOR REINVESTMENT—JURISDICTION OF CHANCERY COURT—RATIFICATION BY INFANT.—The chancery court has no jurisdiction to order the sale of a minor's land for reinvestment, and its decree rendered in an attempt to exercise such jurisdiction is void, and a purchaser thereunder acquired no title, and the acts of the minor in accepting the proceeds of the sale after majority, held insufficient to render the sale valid.

Appeal from St. Francis Chancery Court; *Edward D. Robertson,* Chancellor; reversed.

### STATEMENT BY THE COURT.

The plaintiffs, John Duncan, a minor whose disabilities had been removed by an order of court, and James Duncan, a minor by his next friend, brought suit for the possession of certain lands in St. Francis County, conveyed to them and their mother by their father Elijah Duncan, in August, 1902. The deed recites: * * * "I hereby grant, bargain, sell and convey unto the said Emma F. Duncan, John Duncan and James Duncan all my right, title, interest, etc." * * * "The interest of said Emma F. Duncan herein intended to be conveyed is to continue during the natural term of her life or widowhood, should she survive me, then at her death or marriage all the title to said lands shall pass to the said John Duncan and James Duncan and to any other children that may be born to Emma F. Duncan by her present marriage with said Elijah Duncan, share and share alike." The habendum "To have and to hold said lands and lots to the said Emma F. Duncan and James Duncan, as aforesaid and to the heirs and assigns of the said John Duncan and James Duncan."

The defendant answered admitting that the father of plaintiffs had been the owner of the land and that he conveyed same by the deed as alleged in the complaint under the terms of which it alleged a life estate was conveyed to the mother with contingent remainder therein to the plaintiffs. That upon the petition of plaintiffs by

their father as next friend, and their mother and father the lands were ordered sold by the chancery court of St. Francis County for the benefit of petitioners and the proceeds reinvested in other lands; that they were duly sold to L. E. Davenport for a consideration of $5,500; that Davenport transferred his certificate of purchase to H. W. Robinson and that the court confirmed the sale and ordered the deed made to said Robinson by its commissioner, which was done upon the payment of the purchase price by him.

It was alleged that the defendants paid the purchase money to the commissioner, which was used by plaintiffs father for the purchase of certain other lands in Lee County, describing them, which were conveyed to their mother and to them. A copy of the deed was exhibited. That Emma F. Duncan, the mother, conveyed her interest in the last purchased lands to one J. F. McDougal, for a consideration of $1,500 and that plaintiffs also conveyed to McDougal an undivided two-thirds interest in said Lee County lands for $3,000, of which $500 was paid in cash to the plaintiff John Duncan and two notes of $500 each were executed to him due November 1, 1911 and 1915 and one note was executed to Jas. Duncan due April 1, 1915, with interest, which was made non-negotiable. That the two $500 notes of John Duncan's were paid to him in 1911; that the entire $1,500 was received by him from J. F. McDougal after he was of full age and had full knowledge that said lands in Lee County were bought with the proceeds of the St. Francis County lands sold by order of the chancery court for reinvestment and that his acceptance of said purchase money was a ratification of the sale and estopped him from claiming any title to the lands in controversy. That James Duncan in the year 1912 after becoming of full age, made demand upon McDougal for the payment of the annual interest due upon the $1,500 note and thereby ratified the chancery sale of the St. Francis County lands and that said James Duncan still had and held the $1,500 note given by McDougal as part of the purchase money for the Lee

County lands which were bought with the proceeds from the sale of the St. Francis County lands as a valid demand against the maker.

It was also alleged that defendant had made valuable improvements upon the land at an expense of $1,600 and paid the taxes thereon, since the year 1906; much of the improvements having been made after plaintiff John Duncan became of age and James Duncan was old enough to understand his rights and both knew the improvements were being made and the taxes paid and made no objection thereto. That the improvements were made and the taxes paid in good faith, relying upon the validity of the chancery court proceedings and in the honest belief that they had acquired title to the lands thereunder.

They alleged further that they were entitled to be reimbursed for the purchase money paid for the lands if plaintiff recovered them, that an accounting would be necessary and moved to transfer the cause to equity, which was done.

The petition for the sale of the lands with the decree, report of the commissioner, the confirmation of the sale and deed, were all introduced in evidence and there was testimony tending to show that a part at least of the proceeds realized from the sale of the lands in controversy was invested in the Lee County lands, which were afterwards sold by the plaintiffs as alleged in the answer.

Plaintiffs excepted to the documentary evidence filed by defendants, relating to the decree and sale of the St. Francis County lands and the deed executed, because it appeared therefrom that the chancery court of St. Francis County was without jurisdiction of the matter, which exceptions were overruled.

The court found that the defendants were the owners of the lands and decreed accordingly, from which decree this appeal is prosecuted.

*J. W. Story* and *Walter Gorman,* for appellant.

1. A court of equity has no power to order the sale of a minor's land for reinvestment. 98 Ark. 63. This is

now a law of property in this State and should not be disturbed.

2. No estoppel was pleaded nor found by the chancellor. 7 N. E. 199; 18 *Id.* 392; 68 Ark. 150; 99 *Id.* 260; 82 *Id.* 367; 89 *Id.* 349.

*R. J. Williams, H. F. Roleson* and *W. W. Hughes,* for appellees.

1. Appellants are estopped by retaining the proceeds of the sale of the lands. 2 Herman on Estoppel, 1259; 38 Am. Rep. 13; 60 Miss. 420; 21 N. E. 538; 11 S. W. 506; 15 Ark. 74; 30 N. W. 583; 22 Cyc. 605; 26 L. R. A. 177 and note; 21 Am. Dec. 589; 9 Wall. 617.

2. Chancery had jurisdiction. John and James did not take an absolute vested estate under the deed. There was a life estate in the wife and mother and a contingent remainder in John and James and any unborn children. 105 Ark. 587; 3 Washburn on Real Prop. (6 ed.), § § 2271, 2360; 94 Ark. 615; 30 N. J. 513, 558.

3. The probate court had no power to make the sale. 33 Ark. 425; 47 *Id.* 460; 52 *Id.* 341; 71 *Id.* 218; Const. Art. 7, § 34; Kirby's Dig., § § 3794, 3801. Hence equity only can furnish a remedy. 1 Pom. Eq. Jur. (3 ed.), § § 423-4; 30 Ark. 120; 95 *Id.* 18; 128 S. W. 581.

KIRBY, J., (after stating the facts). It is properly contended that this case is controlled by *Watson* v. *Henderson,* 98 Ark. 63. It was there held that the chancery court was without jurisdiction to order the sale of the lands of a minor for reinvestment and the proceedings of the St. Francis chancery court ordering the sale of the lands herein being without jurisdiction, its decree was void and plaintiffs acquired no title to the lands through the deed of its commissioner conveying same in accordance with the proceedings and decree therefor.

It is insisted for appellees that under the original conveyance from Elijah Duncan, the father of appellants to them and their mother, they acquired only a contingent remainder in the lands and that the chancery court had jurisdiction to make the sale within the doc-

trine announced in *Bedford* v. *Bedford,* 105 Ark. 587. It is there held that courts of equity have jurisdiction to order the sale of contingent remainders for reinvestment, notwithstanding one of the remaindermen is an infant and that its jurisdiction is inherent and not derived from or conferred by statute.

Under the conveyance from Elijah Duncan the plaintiffs John Duncan and James Duncan acquired a fee simple estate in the lands conveyed as tenants in common of an undivided one-third each and the mother's one-third contingent upon the termination of her estate by death or remarriage and subject to be diminished by the birth of other children. The possibility of further issue of the marriage was determined upon the death of Elijah Duncan and the estate of the mother upon her remarriage long before suit brought herein. The exclusive jurisdiction to sell the lands of the minors for reinvestment was in the probate court as already held in *Watson* v. *Henderson, supra,* and the chancery court having no jurisdiction in the matter, the whole proceeding therein was void and the purchasers at the sale acquired no title to the lands. It is insisted in any event that the plaintiffs acquired title to certain lands in Lee County purchased with the proceeds of their St. Francis County lands realized from the void sale thereof and with full knowledge that such was the fact, disposed of said Lee County lands after coming of age and thereby ratified the chancery court's action in making the sale and are estopped to deny the defendants right to possession thereunder on that account.

The testimony however does not show that the entire amount realized from the sale of the lands in St. Francis County was invested in said other lands in Lee County and neither can it be said to establish the fact that said lands were sold by the minors and the proceeds enjoyed by them after knowledge of the unauthorized sale of their St. Francis County lands by the chancery court nor that they still had the consideration therefor at the time of the institution of this suit nor

had they disposed of it. The defendants were in nowise induced to make the purchase of the lands or in any way misled into a change of attitude or position, so far as said purchase was concerned, by any acts of the minors after coming of age and the facts are not sufficient to constitute an estoppel against plaintiffs and can not constitute such a ratification of the void sale as would make it effectual against them.

The chancellor erred in finding otherwise and the decree is reversed and the cause remanded with directions to render a decree in accordance with this opinion, and for further proceedings in determining appellees' right to compensation for betterments. It is so ordered.