TRUE REAL ESTATE COMPANY *vs.* JABEZ TRUE AND NORMAN TRUE.

Cumberland.   Opinion January 15, 1917.

*Rule of law where the words "children" are used in a deed as to this
meaning children then living, or including after-born children. Rights
and powers of trustees where the disposition of the trust fund is
clearly intended to be left to the discretion of the trustees.
Right of cestui que trust to assign shares in trust fund
where the language of the trust clearly shows limitations
over upon the happening of certain contingencies.
General rule of law as to perpetuities. Meaning
and application of rule against perpetuities.*

Bill in equity to compel the defendants, as trustees under a trust deed to
them by DeCarterett True, to deliver to the plaintiff, as assignee of the
cestui que trustent, $15,000 of the trust funds with interest from demand.

The deed transferred both real and personal property to the trustees,
brothers of the grantor, in trust, to pay therefrom any debts which the
grantor then owed; to pay him from time to time such sums as the
trustees should deem proper for the support of himself and family; to
pay toward the support and education of his children such sums as the
trustees in their discretion should find necessary and proper; to keep
the real estate conveyed, or the avails of it, as a separate fund, only the
interest of which should be used for the purposes of the trust during
the grantor's life, and at his death one third of that fund to be conveyed
or paid to his widow, if any, and what is not so conveyed or paid to be
carried to the general fund; and, "Fifth, The rest and residue remaining
in their hands at the time of his death shall be used for the support and
education of his children, according to the discretion of the trustees, pro-
vided, however, that they may pay over to any one or more of his children
or the issue of any deceased child, their respective distributive shares in
the estate, or any portion thereof, whenever they shall deem it advisable
to do so; but if none of his children shall survive him, or if all shall die
before the estate is paid over to them, leaving no issue, said residue shall
be divided equally between his surviving brothers and sisters and the issue
of any brother or sister who has now deceased, or shall hereafter decease,
by right of representation."

At the time the trust deed was given the grantor had a wife and three minor
children, and they all survived him. The trustees paid all the debts of the
grantor, paid to him for the support of himself and family, and toward

the support and education of his children, during his lifetime, sundry sums of money, and at his death conveyed or paid to his widow certain of said trust estate in full satisfaction and discharge of all her rights and interests therein, and they have paid to the grantor's three children, since his death, sundry sums of money as income of the residue of the estate. On February 8, 1915, each of the grantor's surviving children, being then of age, executed and delivered to the plaintiff an assignment of $5,000 of the trust funds then held by the trustees, requesting them to pay it to the assignee, which they refused to do upon demand. The value of the trust property now in the hands of the trustees exceeds $30,000 which they claim to hold under the terms of the trust established by the fifth paragraph of said deed

*Held;*

1. In ascertaining the proper construction of the fifth paragraph of the trust deed the intention of the grantor is to control, to be determined from the terms of the instrument, if plain and unambiguous, considered in the light of his situation and circumstances at the time.

2. The direction of the grantor that the residue of the estate should be used for the support and education of his children, according to the "discretion" of the trustees imposed a duty upon the trustees to exercise that discretion bona fide, and for their failure to do so the intended beneficiaries are not without remedy. But no such relief is asked for in this case.

3. The right to have a bona fide exercise by the trustees of their discretion in using the residue of the estate for the support and education of the grantor's children is wholly personal to each of the children, and could not be transferred by them to others.

4. The exercise by the trustees of the authority given them to pay over to any one or more of the children or to the issue of any deceased child their respective distributive shares in the estate, or any portion thereof, "whenever they shall deem it advisable to do so," is optional with the trustees, and the children take nothing under that provision which they can control and alienate until the trustees deem it advisable to, and actually do, pay it over to them.

5. The provision for the limitation over of the residue of the estate to the brothers and sisters of the grantor, in the event of the happening of the contingency mentioned in the fifth paragraph, shows that the grantor did not intend that at his death his children should take the entire unqualified and unlimited equitable interest in the residue of the trust property, such as would vest in them an equitable fee simple or fee simple in trust.

6. The word "children" when used in a deed refers only to such persons as are in life at the time the deed is executed and delivered, unless there is something in the instrument indicating that the grantor intended to use the word with a different meaning.

7. The word "children" used in the trust deed does not include any after-born children of the grantor, even if there could have been such.

8.  The limitation over to the brothers and sisters of the grantor, provided for in the fifth paragraph of the trust deed, is not too remote and does not violate the rule against perpetuities.

9.  The plaintiff's assignors did not have an alienable interest in the trust property remaining in the hands of the trustees at the time of the attempted assignments to the plaintiff.

Bill in equity brought by the plaintiff company against the defendants as trustees under a certain trust deed executed and delivered by DeCarterett True, praying for an accounting and seeking also to enforce payment to the plaintiff company as assignee of the three children of DeCarterett True, said children being beneficiaries under said trust deed, said children having given separate assignments, for the sum of five thousand dollars each to the plaintiff, of certain funds in the custody of the defendants as such trustees.  Defendants demurred to the plaintiff's bill.  The demurrer was overruled.  Defendants thereupon filed their answer, and the case was set down, by agreement, for hearing upon bill and answer.  The court thereupon entered a decree in favor of the plaintiff, ordering that the sum of fifteen thousand dollars, the amount of the assignments, be paid over to the plaintiff.  From this decree, the defendants entered an appeal.  Appeal sustained. Decree below reversed.  Bill dismissed.

Case stated in opinion.

*William Lyons, and Clinton C. Palmer,* for complainants.

*Woodman & Whitehouse,* for respondents.

SITTING:  SAVAGE, C. J., CORNISH, KING, HANSON, PHILBROOK, JJ.

KING, J.  Bill in equity to compel the defendants, as trustees under a trust deed executed and delivered to them by DeCarterett True July 5th, 1900, to deliver to the plaintiff, as assignee of the cestuis que trustent, $15,000 of the trust funds with interest from date of the demand therefor.

The defendants' demurrer to the bill was overruled, and thereupon they filed their answer, and after a hearing upon the bill and answer, the sitting Justice entered a decree in the plaintiff's favor

for the relief prayed for. From that decree the defendants appealed.

The trust deed in question transferred both real and personal property to the defendants, brothers of the grantor, upon the following trusts:

First, To pay therefrom any debts which said DeCarterett True may now owe.

Second, To pay over to him from time to time, such sums as they may deem proper for the support of himself and family.

Third, To pay toward the support and education of his children from time to time, such sums as said trustees, in their discretion, may find necessary and proper.

Fourth, the real estate hereinbefore described and hereby conveyed, or the avails thereof, shall be held and kept as a separate fund, only the income of which shall be used under the preceding articles during his life, and at his death one-third of this fund shall be conveyed or paid to his widow, if any, and what is not so conveyed or paid shall be carried to the general fund.

Fifth, The rest and residue remaining in their hands at the time of his death shall be used for the support and education of his children, according to the discretion of the trustees; provided, however, that they may pay over to any one or more of his children or the issue of any deceased child, their respective distributive shares in the estate, or any portion thereof, whenever they shall deem it advisable to do so; but if none of his children shall survive him, or if all shall die before the estate is paid over to them, leaving no issue, said residue shall be divided equally between his surviving brothers and sisters and the issue of any brother or sister who has now deceased, or shall hereafter decease, by right of representation.

Said trustees have power to sell, assign and convey the trust property, invest and reinvest the fund, and in all respects to manage the same as if it were their own property and as fully and completely as I could do myself, if this conveyance thereof had not been made.

In case of death of either of said trustees, the title to all the property shall vest in the survivor, and it shall be his duty at once

to convey one-half of said property to Ernest True of said Port-
land, if living, to be held by him as trustee jointly with said sur-
vivor on the same trusts, and with the same powers and duties as
if he had been one of the original trustees; or if the said Ernest
shall not be then living, or if after such conveyance to him either
of the then trustees shall die, the property shall vest in the sur-
vivor who shall continue to act with all the powers and duties of
the original trustees.

On July 5, 1900, when said trust deed was given, DeCartarett
True had a wife, Elizabeth A. True, who joined in said deed, and
three children; viz., Elizabeth M. True, aged 18 years; Thomas D.
True, aged 15 years, and Benjamin S. True, aged 9 years.  De-
Carterett True died March 31, 1903, leaving surviving him his
said wife and said three children.

It appears from the bill and answer, that the trustees paid all
the debts of said DeCarterett True, and in his lifetime paid over
to him sundry sums of money for the support of himself and
family, and also during his lifetime paid toward the support and
education of his children sundry sums of money, and that since
his death they have conveyed or paid to his widow, said Elizabeth
A. True, certain of said trust estate in full satisfaction and dis-
charge of all her rights and interests therein, and have paid to his
three children sundry sums of money as the income on their dis-
tributive shares in the rest and remainder of the trust estate.  And
the trustees admit that the value of the trust property now in their
hands exceeds $30,000, which they claim to hold under the terms
of the trust established by the fifth item in said deed.

On February 8, 1915, each of said surviving children, being
then of lawful age, executed and delivered to the plaintiff an
assignment of $5,000 of the funds then held by the trustees. There-
after, on February 23, 1915, the plaintiff notified the defendants
of said assignments and demanded payment of the $15,000 of the
trust funds which demand was refused.

The question presented is, whether at the death of DeCarterett
True his children, the assignors, took such an interest in the rest
and residue of the trust estate that they can assign and transfer it
in whole or in part, or whether they took only a qualified interest

in the trust property which gives them no power to assign or otherwise dispose of any part or portion of it in advance of its payment or transfer to them by the trustees under the terms of the trust. This question is to be determined by ascertaining what the terms of the trust are, and what was the intention of the grantor in creating it.

Under the fifth paragraph of the deed the grantor provided that the rest and residue of the trust property remaining in the hands of the trustees at his death "shall be used for the support and education of his children, according to the discretion of the trustees;" and he further provided that his trustees, "may pay over to any one or more of his children, or the issue of any deceased child, their respective distributive shares of the estate, or any portion thereof, whenever they shall deem it advisable to do so." He then provided that if none of his children survived him, or if they all shall die, leaving no issue, before the estate is paid over to them, the residue shall be equally divided between his surviving brothers and sisters and the issue of any deceased brother or sister, by right of representation. What interests did the grantor's children take in the residue of the trust estate remaining in the hands of the trustees at his death?

We understand the contention of the plaintiff to be, that the children of the grantor, at his death, took the residue of the trust property in equitable fee simple or a fee simple in trust; in other words, that the provision in the trust deed, that the residue of the property remaining in the hands of the trustees at the grantor's death "shall be used for the support and education of his children," was effective to vest in the children the whole unqualified and unrestricted equitable ownership of the residue of the trust property. If that is the effect of the provision, then, undoubtedly, it should be held, in accordance with the doctrine recently approved in *Holcomb* v. *Palmer,* 106 Maine, 17, that the interest of the children was an equitable fee simple or fee simple in trust, which they could assign or transfer in whole or in part. *Palmer* v. *Palmer,* 112 Maine, 149.

It is to be noted at the outset that the surviving brothers and sisters of the grantor, and the issue of any deceased brother or

sister, have a contingent interest in the residue of the trust property remaining at the death of the grantor, provided the limitation over to them is valid; and, therefore, they are interested and entitled to be heard in the determination of the question here involved, including, of course, the question of the validity of the limitation over to them. They have not been made parties, and are not before the court. However, inasmuch as we are of the opinion that the plaintiff's contention is not sustainable, it may avoid further litigation if we here state the reasons for that opinion.

Whether the plaintiff is entitled to the relief asked for depends upon the proper construction of the fifth paragraph of the trust deed. And in ascertaining that construction the intention of the grantor is to control, to be determined from the terms of the instrument, if plain and unambiguous, considered in the light of his situation and circumstances at the time.

The provisions of paragraph fifth are, (1) a *direction* that the residue of the trust estate at the time of the grantor's death "shall be used for the support and education of his children according to the discretion of the trustees;" (2) an *authority* to his trustees to pay over to any one or more of his children their respective distributive shares of the estate, or any part thereof, "whenever they shall deem it advisable to do so;" and (3) a limitation over to his brothers and sisters of the residue in the event that none of his children survive the grantor, or that they all shall die leaving no issue, "before the estate is paid over to them."

Respecting the meaning of the first provision of the fifth paragraph, that the residue of the trust property shall be used for the support and education of his children, the first inquiry naturally suggested, but not very material perhaps to the issue here involved, is, whether that provision applies to both the income and corpus of the residue. We think it was the grantor's thought and purpose that it applied to both, that if it was necessary in the exercise of the discretion of the trustees to use more than the income of the residue for the support and education of his children, then a part or the whole of the corpus of the residue would be so used.

The direction of the grantor that the residue of the estate should be used for the support and education of his children according

to the "discretion" of the trustees imposed a duty upon the trustees to exercise that discretion bona fide, and for their failure to do so the intended beneficiaries are not without remedy. Undoubtedly a court of equity, upon proper proof of the necessity for such relief, would require the trustees to exercise that discretion in good faith, according to their best judgment and uninfluenced by improper motives. But that right to have a bona fide exercise by the trustees of their discretion in using the residue of the estate for the support and education of the grantor's children is wholly personal to each of the children and could not be transferred by them to others. No such relief is asked in this case. Here the only question presented is whether this provision for the use of the residue for the support and education of the children according to the "discretion" of the trustees, taken in connection with the other provisions of item fifth, vested in the children an alienable interest in the trust property.

The exercise by the trustees of the authority given them to pay over to any one or more of the children or to the issue of any deceased child their respective distributive shares in the estate, or any portion thereof, "whenever they shall deem it advisable to do so," is optional with the trustees, and the children take nothing under that provision which they can control and alienate, until the trustees deem it advisable to, and actually do, pay it over to them.

We perceive a plain distinction between the provision of this trust for the support and education of the beneficiaries out of the residue of the trust fund in the hands of the trustees, and the trust involved in the *Palmer* cases, supra, which was held to vest in the beneficiary an equitable fee simple or fee simple in trust. There the testatrix gave to her son Clinton one-fourth of the remainder of her estate, the same as she gave to each of her other four children, stipulating, however, that Clinton's part should be held in trust "to be used for his comfort and necessities according to the discretion" of the trustee. There was no attempt by the testatrix to make any gift or devise over. That trust necessarily terminates at the death of Clinton, and any portion of the trust estate left at that time goes to the devisees or heirs of Clinton as a part of his estate, and not under and by virtue of the terms of the trust. In

the case at bar, however, the trustees were directed to use the residue of the trust estate, already in their hands, for the support and education of the children according to the discretion of the trustees. True, as we have said, they might in the exercise of their discretion use all the residue for that purpose, or they might exercise their discretionary authority given them by the grantor and pay over all the residue to the beneficiaries, so that in the event of the death of all the children leaving no issue there would be none of the residue left. But, as plainly indicating the grantor's thought that the residue might not all be used for the support and education of his children, or be paid over to them by the trustees under the discretionary authority he had given them to do so, and as manifesting his intention that in such contingency the residue left was not to pass to his children's heirs, if they all died leaving no issue, he expressly provided a limitation over of any such residue to his brothers and sisters. In the event of the happening of the contingency the brothers and sisters will take the residue by virtue of the trust. The provision for the limitation over shows, we think, that the grantor did not intend that at his death his children should take the entire unqualified and unlimited equitable interest in the residue of the trust property, such as would vest in them an equitable fee simple or fee simple in trust in the residue.

But the plaintiff urges the contention that the limitation over violates the rule against perpetuities and is therefore void. If that were so, the other provisions of the trust, being in themselves valid, would not be thereby invalidated. The vital question now before the court is not the validity of the limitation over, but the meaning, effect and validity of the prior and independent provision for the grantor's children. But we think the limitation over does not violate the rule against perpetuities. In *Pulitzer* v. *Livingston,* 89 Maine, 359, 364, our court, defining a perpetuity, said: "It is the grant of property wherein the vesting of an estate or interest is unlawfully postponed. The law allows an estate or interest, and also the power of alienation, to be postponed for the period of a life or lives in being and twenty-one years and nine months thereafter; and all restraints upon the vesting that may suspend it beyond that period are treated as perpetual restraints and void,

and estates or interests that are dependent on them are void." It is with the vesting of estates and interests that the rule against perpetuities concerns itself, and not with their termination. Contingent estates or interests vest upon the happening of the contingency. The interest or estate limited over to the grantor's brothers and sisters is a contingent interest. Whether it will ever take affect at all depends on the contingency of the death of all the grantor's children, leaving no issue, and before the estate is paid over to them. If that contingency will not necessarily happen, if it happens at all, within the period of a life or lives in being and twenty-one years and nine months after the time the limitation was created, then the limitation is too remote. That is the plaintiff's contention. It is predicated upon the premise that the words "his children" used in the fifth paragraph of the deed describes a class, which includes all the children of the grantor living at his death whether they were living when the deed took effect or were born thereafter; and the argument proceeds upon the theory, that it was possible for a child to have been born to the grantor, or to have been adopted by him, after the deed took affect, who would be entitled to an interest in the residue of the estate at the grantor's death, and, therefore, that the vesting of the limitation over might be postponed beyond the period of a life or lives in being, at the time the deed was executed and delivered, and twenty-one years and nine months thereafter. We think the plaintiff's premise is not sound. A deed, unlike a will, speaks from the date of its execution and delivery. Nothing appears in the deed in question showing that the word "children" as used in the fifth paragraph imports any different meaning than that to be accorded to it as used elsewhere in the deed. And it is a well settled rule that the word "children" when used in a deed refers only to such persons as are in life at the time the deed is executed and delivered, unless there is something in the instrument indicating that the grantor intended to use the word with a different meaning. We are of opinion, therefore, that the word "children" used in the trust deed was not intended to include, and does not include, any after born children of the grantor, even if there could have been such. *Hollis* v. *Lawton*, 107 Ga., 102; *Varnum* v. *Young, Executor*, 56 Ala., 260; *Gay* v.

*Baker,* 38 N. C.; *Fosch* v. *Walter,* 228 U. S., 109; 31 Pa. St., 165. In our view the limitation over to the brothers and sisters of the grantor is not too remote and does not violate the rule against perpetuities. And we perceive no other invalidity of the limitation over.

From what has been said it follows that our conclusion is, that under the provisions of item fifth of the trust deed the children of the grantor, at his death, took no interest or estate in the residue of the trust property which they could assign or transfer; first, because the provision that the residue should be used for their support and education, according to the "discretion" of the trustees, secured to them only the right to a bona fide exercise by the trustees of their discretion in so using the residue, a right which was wholly personal to each of the children and could not, of course, be transferred by them to others; second, because the exercise of the authority given to the trustees to pay over to the children any part or the whole of their distributive shares of the residue was wholly optional with the trustees, and, accordingly, the children can take nothing under that provision which they can control and alienate until the trustees deem it advisable to, and actually do, pay it over to them; and lastly, because there was a valid limitation over to the brothers and sisters of the grantor of a contingent interest in the residue of the trust estate, showing that the grantor did not intend that at his death the whole unrestricted equitable interest in the residue of the trust estate should be vested in his children.

It is, therefore, the opinion of the court that the plaintiff's assignors did not have an alienable interest in the trust property remaining in the hands of the trustees at the time of the attempted assignments to the plaintiff.

This conclusion which we have reached renders it unnecessary to consider the further contention urged by the defendants, that the trust created by the grantor for the benefit of his children in the residue of the estate is a spendthrift trust.

The entry will be,

*Appeal sustained.*
*Decree below reversed.*
*Bill dismissed.*