MARY NELSON ET ALS *vs.* CHARLES J. MEADE, ADM'R, ET ALS.

York.     Opinion March 26, 1930.

*Waterhouse, Titcomb & Siddall,* for plaintiffs.
*Harold H. Bourne,* for defendants.

SITTING: PATTANGALL, C. J., DEASY, STURGIS, BARNES, FARRINGTON, JJ. MORRILL, A. R. J.

PATTANGALL, C. J. On report. Bill in equity for construction of will of James M. Meade.

James M. Meade died without issue January 18, 1929. His will was duly probated March 25, 1929. Charles J. Meade was appointed Administrator with the will annexed. Addie L. Meade, wife of James M. Meade, died on January 16, 1929, two days prior to the death of James M. Meade leaving no lineal descendants. The assets of James M. Meade in the hands of the Administrator will be sufficient to pay all indebtedness, expenses of administration, and legacies mentioned in his will.

The question here is as to the disposition of the sum of five thousand dollars ($5,000) bequeathed under the first clause of the will, which reads as follows:

"First. I give and bequeath to my wife Addie L. Meade the sum of Five Thousand Dollars to be held in Trust during the lifetime of my said wife, the full income therefrom to be devoted to the sole use and benefit of my said wife, and I further direct that my said wife shall and may use any part or the whole of said Five Thousand Dollars whenever in her judgment and discretion it may be necessary for her proper use and enjoyment. On the death of my said wife, said legacy of Five Thousand Dollars shall be equally divided, share and share alike or the unexpended part of said legacy, between Mary Nelson, Lillian Nelson, Thomas Nelson, Florence Nelson, James Nelson, Charles Nelson, children of Charles J. Nelson of Lion Mountain, New York, or so many of them as may

be alive at the time of the decease of my said wife to have and to hold to them, their heirs and assigns forever in fee."

Plaintiffs claim as remaindermen under this clause, while defendants contend that the legacy mentioned therein lapsed because the life tenant deceased prior to the death of the testator and that the property bequeathed falls to the residuary legatees named in another clause of the will.

Omitting from present consideration the words "in trust," the paragraph above quoted sets out the familiar proposition of a life estate in Addie L. Meade, with power of disposal, and a contingent remainder in the named children of Charles J. Nelson.

The general rule is that a legacy or devise will lapse when the legatee or devisee dies before the testator. The application of this rule is narrowed by the provisions of Sec. 10, Chap. 79, R. S. 1916, but that statute is not applicable here. The wife is not a relative of the testator within its meaning, *Keniston* v. *Adams*, 80 Me., 290 ; nor did she leave lineal descendants, *Morse* v. *Hayden*, 82 Me., 227.

But plaintiffs invoke the doctrine of acceleration. The death of a life tenant prior to that of the testator may accelerate the taking effect of the remainder. *Farnsworth* v. *Whiting*, 102 Me., 302 ; *Prescott, Adm'r* v. *Prescott*, 7 Metcalf, 141 ; *Bates et al, Adm'rs* v. *Dewson et als*, 128 Mass., 334 ; *Thompson* v. *Thornton*, 197 Mass., 273 ; *Howard* v. *Trustees* (Md.), 41 Atl., 160 ; *Huber et al, Ex'r* v. *Mohn*, 37 N. J. Eq., 432 ; *Taylor* v. *Wendell*, 4 Bradf. Surr. (N. Y.), 324.

The principle has also been very generally applied where a widow or widower renounced the provisions of a will wherein a life estate with remainder over had been devised and in cases in which a conditional life estate was forfeited by re-marriage.

The extinction of the first interest carved out of the estate accelerates the right of the second taker. *Fox* v. *Rumery*, 68 Me., 129 ; *Adams* v. *Legroo*, 111 Me., 307 ; *Yeaton* v. *Roberts et al*, 28 N. H., 459 ; *Marvin* v. *Ledwith*, 111 Ill., 144 ; *Duncan* v. *Liddle* (Ark.), 184 S. W., 413 ; *Fletcher* v. *Hoblitzell* (Pa.), 58 Atl., 672.

There is an apparent conflict of authority as to whether or not contingent remainders may be accelerated. But the conflict is more apparent than real. A study of the cases discloses a clearly

defined and logical line of demarcation between those in which the court has refused to accelerate contingent remainders and those in which acceleration has been permitted.

The application of the doctrine is not dependent upon the circumstance that the remainder is or is not vested. *American National Bank* v. *C. C. Chapin, Trustee* (Va.), 107 S. E., 636. The fact that a remainder is contingent is not conclusive of the right of acceleration and the rule will not be applied where it will defeat the testator's intention. *Keeton* v. *Tipton* (Ky.), 212 S. W., 909. The principle of acceleration in the vesting of a remainder by the premature termination of the preceding life estate being based on the presumed intention of the testator, there need be no distinction made between vested and contingent remainders in its application. *Roe* v. *Doe* (Del.), 93 Atl., 373. It is immaterial whether the remainder is vested or contingent if the time for distribution has in fact arrived, as in such case the contingency is determined and the donees ascertained. *Blatchford* v. *Newberry*, 99 Ill., 11.

A contingent remainder will not be accelerated if there still remain undetermined contingencies so that it is impossible to identify the remaindermen or if there is evidence of an intention to postpone the taking effect of the remainder. *Brandenburg* v. *Thorndike*, 139 Mass., 102; *In re Lawrence*, 76 N. Y., Supp., 653; *Wilson* v. *Hall*, 6 Ohio, C. C., 570. But when no such intention appears and no such uncertainties prevent so that the contingency is determined and the donees ascertained, the doctrine applies as well to a contingent as to a vested remainder. The instant case falls within this rule.

Apart from the question of acceleration, it is argued that the testator in this paragraph of his will created a trust by the use of the words "in trust," that Addie L. Meade was made trustee for herself and the remaindermen, that a trust will not be allowed to fail merely for want of a trustee, and that the named children of Charles J. Nelson take as beneficiaries under the trust.

The words "trust" and "trustee" are not essential in order to create a trust. On the other hand, if the words "trust" or "trustee" are employed, they do not necessarily show an intention to create or declare a trust. Pomeroy's Equity Jurisprudence, Third Ed.,

Vol. 3, Sec. 1009. The use of the words "in trust" in the instant case neither diminishes nor enlarges the estate of the life tenant or the remaindermen nor does it affect in the slightest degree the duties and obligations of the one to the others or alter their respective relations.

With these words inserted the estate created in favor of Addie L. Meade is that of a life tenant with limited power of disposal, remainder over to the Nelsons. If the words were omitted, the estate would be exactly that, nothing more and nothing less.

The relation of a life tenant to the remainderman is usually termed that of a trustee or quasi trustee. *Hardy* v. *Mayhew* (Cal.), 110 Pac., 113; *Smith* v. *Cross* (Tenn.), 140 S. W., 1606. He differs, however, from the trustee of a pure trust in that he may use the property for his exclusive benefit and take all of the income and profits. *Cook* v. *Collier* (Tenn.), 62 S. W., 658; *Gibson* v. *Brown* (Ind.), 110 N. E., 716.

It is no objection to the validity of a trust that the trustee named is one of the beneficiaries, *Burbach* v. *Burbach* (Ill.), 75 N. E., 579; *Summers* v. *Higley* (Ill.), 60 N. E., 969, but it is inconsistent with and repugnant to the general theory of trusts that the trustee who is also a beneficiary should be given the right to expend the entire trust fund in accordance with her own judgment and discretion and for her own use and enjoyment.

The insertion of the words "in trust" afforded no added protection to the remaindermen and imposed no new restriction upon the life tenant. Their use, however, emphasizes the intention of the testatory that in any event, on the death of his wife, the fee to the estate of which she was life tenant should pass to the living children of Charles J. Nelson. That intention seems plain and is "so expressed in the will that it can be effectuated." *Barry* v. *Austin*, 118 Me., 53.

The testator, by the paragraph of his will which is under discussion here, created a life estate with power of disposal in favor of his wife, remainder over to certain named persons. Her death, prior to his, accelerated the estate of the remaindermen who take in fee.

*Decree accordingly.*