FIRST NATIONAL BANK, TRUSTEE

*vs.*

GRACE I. DEWOLFE ET ALS.

Androscoggin.      Opinion, November 24, 1936.

*Skelton & Mahon,* for petitioner.

*Carl F. Getchell,* for Cleon Y. DeWolfe, Clyde A. Nichols, William Lester DeWolfe and Dorothy Osgood Nichols.

*Ellis L. Aldrich,* for Ernest Osgood Nichols and Grace I. DeWolfe.

*Elwyn H. Gamage,* pro se.

*Frank W. Linnell,* pro se.

SITTING: DUNN, C. J., STURGIS, BARNES, THAXTER, HUDSON, JJ.

DUNN, C. J.    This appeal depends upon the construction of the third clause of the last will of William Alson Nichols, who died September 9, 1923. The will, which was duly admitted to probate, bears date November 20, 1920. Testator, by the second clause in his will, gave all his estate, real as well as personal, except a kit of tools, to his wife, (who survived him,) for life, with eminently discretionary power. She could, in her sole judgment, use and expend all the property for her support and maintenance.

The will does not, strictly, having reference to the second paragraph, provide a remainder, but, through the medium of a trust, to secure against incapacity, disposes of the remainder, should there be any.

Mrs. Nichols, whose death occurred October 14, 1926, did not, as to the corpus of the estate held by her as life tenant, or quasi trustee, exercise empowered authority.

The devise over took effect upon the termination of the life tenancy. *Smith* v. *Snow*, 123 Mass., 323; *Nelson* v. *Meade*, 129 Me., 61, 149 A., 626. The trust is not transgressive.

The third clause of said will is as follows:

"Third — All the rest, residue and remainder over of my said estate I give, devise and bequeath unto the National Shoe. and Leather Bank of Auburn, Maine, in trust however, for the following purposes (1) to deliver to my son Ernest Osgood Nichols, of Providence, R. I. my Odd Fellows chart and the portrait of his maternal grandmother and grandfather and a portrait of 'a girl' and to my daughter, Grace I. DeWolfe of said Mechanic Falls a picture in gilt frame entitled 'General Putnam's duel with an English Officer.' (2) to convert the balance of said rest, residue and remainder over into cash and safely invest the same in four equal parts, and when each of my grandchildren, namely, Dorothy Osgood Nichols, Clyde Alson Nichols, children of my said son and Cleon Y. DeWolfe and William Lester DeWolfe children of my said daughter shall severally attain the age of twenty-five years to pay the same together with the accumulations to said grandchild so entitled to the same; provided, however that if hereafter a child or children shall be born to my said son and his wife the respective shares of their said son and daughter shall be reduced proportionately and the same paid as aforesaid to such after born child or children to the end that all their said children shall share equally. And provided further that if a child or children shall be hereafter born to my said daughter and her husband the respective shares of their sons shall be reduced proportionately and the same paid to such after born child or children, as aforesaid to the end that all their children shall share equally; and I direct my said trustee to pay accordingly."

Plaintiff is trustee in succession to the one the will nominates. Since testator's death another child (the third) has been born to

his son (this child being first issue of the son's second marriage); and a child (third to her) born to testator's daughter.

The six grandchildren, three on the son's side, as many on the daughter's, are all living.

The testamentary trustee filed its bill in the equity court for directions and instructions.

Contention by testator's son and daughter, that the will offends the rule against perpetuities, or remoteness, was not sustained below.

The rule is usually stated as prohibiting the creation of future interests or estates, which, by possibility, may not become vested within a life or lives in being, and twenty-one years, together with the period of gestation, when the inclusion of the latter is necessary to cover cases of posthumous birth. *Pulitzer* v. *Livingston*, 89 Me., 359, 364, 36 A., 635; *True Real Estate Co.* v. *True*, 115 Me., 533, 99 A., 627; *Bancroft* v. *Sanatorium Association*, 119 Me., 56, 109 A., 585.

What was the thought and intention of the testator with regard to a remainder?

The answer must be collected from his will, examined in the light of the attendant facts which may be supposed to have been in his mind; thought and intention so ascertained, if not counter to some positive rule of law or public policy, must govern. *Perry* v. *Leslie*, 124 Me., 93, 126 A., 340. Rules of construction are valuable only when intention cannot be so gathered. *Perry* v. *Leslie*, supra. Then, such legal canons as have been established to meet the circumstances of the case, regulate. *Perry* v. *Leslie*, supra.

Obviously, testator meant, in the event of a remainder, to benefit his grandchildren, who, in his will, he designates by name, and identifies further by mention of their descent. These four grandchildren, the testator places in two groups, those of the son, and those of the daughter; all were alive when the will was made.

Testator, when he willed, was thinking, not solely of living grandchildren, but had in mind the possibility of others.

All living grandchildren, as he defines, are to share equally, modified, however, in their respective groupings, as to potential births.

At the termination of the life tenancy, another, or third child

had, previously, namely: on July 28, 1926, been born to testator's daughter. Each of these three grandchildren, once there was a remainder, took one-third part of one-half of the whole trust estate, in vested equitable interest, the time of payment, or actual enjoyment, postponed. *Morse* v. *Ballou*, 109 Me., 264, 83 A., 799; *Bryant* v. *Plummer*, 111 Me., 511, 90 A., 171; *Carver* v. *Wright*, 119 Me., 185, 109 A., 896; *Belding* v. *Coward*, 125 Me., 305, 133 A., 689. A condition subsequent was, however, attached to the gift. *Buck* v. *Paine*, 75 Me., 582.

The will introduced the condition by language quite commonly employed in such connection. It says, in effect,—provided, however, that if other children shall be born into the family of my son, or into that of my daughter, they shall partake in equality with those of their immediate blood.

An estate, merely subject to a condition subsequent, has, none the less, the attributes of being inheritable, devisable, and assignable, but the condition remains annexed. *Buck* v. *Paine*, supra.

There was, as testator willed, no suspension of ownership.

The time of vesting, and not the period of duration, the beginning and not the ending, concerns the rule against perpetuities. *Andrews* v. *Lincoln*, 95 Me., 541, 50 A., 898; *Strout* v. *Strout*, 117 Me., 357, 104 A., 577; *Bancroft* v. *Sanatorium*, supra. The rule is without relation to vested interests. *Singhi* v. *Dean*, 119 Me., 287, 110 A., 865.

The vested interests were subject to be divested, proportionately, in the case of the birth, in the same allocation, of a grandchild or grandchildren. Any divested part, the will gives over, as an executory devise. *Buck* v. *Paine*, supra. See, too, *Morse* v. *Ballou*, 112 Me., 124, 90 A., 1091; *Union Safe Deposit Company* v. *Wooster*, 125 Me., 22, 25, 130 A., 433; *Davis* v. *McKown*, 131 Me., 203, 208, 160 A., 458.

An executory devise differs from a remainder in needing no particular estate to support it, and that thereby, a fee simple, or less estate, may be limited after a fee simple. *Sayward* v. *Sayward*, 7 Greenl., 210. The original purpose of executory devises was to carry out the will of the testator and give effect to provisions which, at the common law, cannot operate as contingent remainders. *Brattle Square Church* v. *Grant*, 3 Gray, 142.

When the will was written, testator's son had two children. On the remainder becoming effective, these children had, each for himself, one-half of one-half of the whole, in present equitable right, on condition subsequent. *Buck* v. *Paine*, supra. The son's third child, already of mention, was born June 1, 1933. This child shares, with the others, in the group of which she is, *pro rata*.

Situation here differs from that in the daughter's family, in that, as noted before, her third child was born during the period of the tenancy for life.

Testator defined a trust to accumulate until his grandchildren "severally attain the age of twenty-five years."

That, in this will, is no infringement of the rule against perpetuities. *In re Johnston's Estate*, 185 Pa., 179; *Bancroft* v. *Sanatorium*, supra.

Testator's words, the surrounding circumstances, and applicable rule of construction indicate, controllingly, that children of his own children, as he grouped his grandchildren, inclusive of them thereafter born into either group, shall share and share alike. Limit is not indefinite.

The bequest includes, with respect to each group, all grandchildren born before one attained the age of twenty-five years, although born after the death of the testator. *Hubbard* v. *Lloyd*, 6 Cush., 522. The bequest would not include a grandchild born after one grandchild attained that age. *Hubbard* v. *Lloyd*, supra. No grandchild was.

In the son group, Dorothy Osgood Nichols, (now Fitzhugh,) born December 20, 1910, almost ten years old when the will was made, attained the age of twenty-five years December 19, 1935.

In the other group, the grandchild Cleon Y. DeWolfe, first to reach the age of twenty-five years, was born January 25, 1912. He was, at the time of the making of the will, eleven years old; he becomes twenty-five January 24, 1927.

Mandate will be:

> *Appeal dismissed, with costs. Reasonable expenses and counsel fees, where allowable against the fund, to be settled below.*