HENRY F. ANDREWS, In Equity,

*vs.*

HARRY M. LINCOLN, and others.

Penobscot.    Opinion December 9, 1901.

*Will. Perpetuities. Trusts.*

1. The law permits the vesting of an estate or interest, and also the power of alienation, to be postponed for the period of a life or lives in being, and twenty-one years and nine months thereafter. If postponed for a longer period, it is obnoxious to the rule against perpetuities, and the devise or grant is void.

2. Whenever lives in being do not form any part of the time of postponement, the only period under the rule against perpetuities is twenty-one years absolute.

3. The limitation, in order to be valid, must be so made that the estate or interest not only may, but must necessarily, vest within the prescribed period.

4. The rule concerns itself only with the vesting, and not with the termination of estates.

5. The rule does not apply to vested estates or interests, but only to remote future and contingent estates and interests.

6. A testator by his will devised to trustees all of his estate, except debts due him from his son which he forgave. The trustees were given full power to manage and control the estate, to sell the whole or any part thereof. The receipts and profits of the real estate, and the proceeds of the sales of land, together with all personal and mixed estate, and the proceeds thereof were

to be invested and re-invested by the trustees, and allowed to accumulate for a period of thirty years from the testator's death. During that period, the trustees were authorized in their discretion to pay from the principal or income of the fund such sums as they deemed expedient for the education and maintenance of the testator's two grandchildren, and for the support and maintenance of his son and his son's wife, and for the education and maintenance of the issue of either or both of the grandchildren. The will then provided as follows : "At the expiration of said thirty years the whole of said fund or estate, in whatever form said fund or estate shall then be, shall become the property of my said two grandchildren in equal shares to have and to hold to them and their heirs and assigns forever, or if either of said grandchildren is then deceased leaving no issue of his or her body living at the time of his or her decease, the survivor is to take the whole of said fund or estate, or if either of said grandchildren is then deceased leaving issue of his or her body living at the time of his or her decease, such issue take the parent's one-half, or if both of said grandchildren are then deceased both leaving issue of his or her body living at the time of his or her decease, such issue take the parent's half, or if both of said grandchildren are then deceased only one of them leaving issue of his or her body living at the time of his or her decease, such issue take the whole of said estate and fund, or if both of said grandchildren are then deceased neither of them leaving issue of his or her body living at the time of his or her decease, in that event the whole of said estate and fund is to become the property of my son, Frank W. Lincoln, to have and to hold to him and his heirs and assigns forever. It being my intention moreover that in event that said estate and fund is to become the property of said Frank W. in manner above stated, it is to be held by my said trustees for thirty years as afore provided."

7.   The court holds that the will under consideration provides for an accumulation of the trust fund for the gross period of thirty years, without reference to any life or lives in being, and that this result is not changed by the discretionary authority in the trustees to expend money for the education, support and maintenance of various beneficiaries.

8.   As there is no intervening limitation, the estate must have vested, if at all, at the death of the testator.

9.   The estate did not so vest, and could not vest until the termination of thirty years, and that until then no cestui que trust has any interest.

10.   Not only is the enjoyment of the fund postponed, but also any interest in it is postponed beyond the period of twenty-one years, and even then the postponed interest is contingent.

11.   Therefore this attempted trust offends the rule against perpetuities in that it postpones the vesting of the equitable interest of the cestui beyond the period limited. The whole trust is void.

12.   The trust being void, nothing valid is left in the will except the provision relating to debts due from the testator's son. All the estate which was devised to trustees must be treated and administered as intestate property.

On report.    Bill sustained and decree accordingly.

Bill in equity, heard on bill and answers, seeking a construction of the will of Matthew Lincoln, of Bangor, deceased.

*C. A. Bailey*, for plaintiff.

*T. D. Bailey and E. C. Ryder*, for defendants.

SITTING:   WISWELL, C. J., STROUT, SAVAGE, POWERS, PEA-
BODY, JJ.

SAVAGE, J.    Bill in equity to construe the will of Matthew Lincoln, late of Bangor.

By this will, the testator devised to trustees named, all his estate of every name and nature, except such debts and demands as might be due him from his son Frank W. Lincoln, and these he forgave. The trustees were given full power to manage and control the real estate, to pay taxes on the same, and keep the same insured, to sell and convey the whole or any part of the real estate, and to sell or "permit" timber.    It was provided that the net receipts and profits from the real estate, and the proceeds of the sale of any land, and of the sales of any growth or timber, together with all personal and mixed estate, and the proceeds of all personal and mixed estate, were to be invested and re-invested by the trustees, and allowed to accumulate for a period of thirty years from the day of the testator's death.    During that period of thirty years the trustees were authorized in their discretion to pay from principal or income of the trust fund such sums as they deemed expedient for the education and maintenance of the testator's two grandchildren, Harry Lincoln and Josie Lincoln, and for the support and mainte-nance of his son Frank W. Lincoln, and of the latter's wife, Addie Lincoln.    The trustees were given the same power and discretion during the said thirty years, as to payments for the education and maintenance of the issue of either or both of the grandchildren, "should either or both die before the expiration of the thirty years leaving issue of his or her body surviving."    The final clause of the will is as follows:—

"At the expiration of said 30 years the whole of said fund or estate, in whatever form said fund or estate shall then be, shall become the property of my said two grandchildren in equal shares to have and to hold to them and their heirs and assigns forever, or if either of said grandchildren is then deceased leaving no issue of his or her body living at the time of his or her decease the survivor is to take the whole of said fund or estate, or if either of said grandchildren is then deceased leaving issue of his or her body living at the time of his or her decease such issue take the parent's one-half, or if both of said grandchildren are then deceased both leaving issue of his or her body living at the time of his or her decease, such issue take the parent's half, or if both of said grandchildren are then deceased only one of them leaving issue of his or her body living at the time of his or her decease, such issue take the whole of said estate and fund, or if both of said grandchildren are then deceased neither of them leaving issue of his or her body living at the time of his or her decease in that event the whole of said estate and fund is to become the property of my son Frank W. Lincoln to have and to hold to him and his heirs and assigns forever. It being my intention however that in event that said estate and fund is to become the property of said Frank W. in manner above stated, it is to be held by my said trustees for 30 years as afore provided."

Frank W. Lincoln died before the death of the testator.

It is objected that the trust attempted to be created by this will is obnoxious to the rule against perpetuities, on two grounds. First, that it unlawfully postpones the vesting of the equitable estate in the cestuis; and secondly, that it provides for an accumulation of the trust fund for a longer period than is permitted by law.

"The rule against perpetuities," says Mr. Gray in his work on Perpetuities, page 378, "is not a rule of construction, but a peremptory command of the law. It is not, like a rule of construction, a test, more or less artificial, to determine intention. Its object is to defeat intention. Therefore every provision in a will or settlement is to be construed as if the rule did not exist, and then to the provision so construed the rule is to be remorselessly applied."

The rule against perpetuities does not apply to vested estates or interests. It applies only to remote future and contingent estates and interests. It applies equally to legal and to equitable estates. The law permits the vesting of an estate or interest, and also the power of alienation, to be postponed for the period of a life or lives in being, and twenty-one years and nine months thereafter. If the vesting of the interest is postponed, or the power of alienation is suspended, for a longer period, it is unlawful, and the devise or grant is void. But the limitation, in order to be valid, must be so made that the estate or interest not only may, but must necessarily, vest within the prescribed period. If by any possibility the vesting may be postponed beyond this period, the limitation over will be void. The rule concerns itself only with the vesting, the commencing of estates, and not with their termination. These established principles are all reiterated, with ample citation of authority, in the very recent case of *Pulitzer* v. *Livingston*, 89 Maine, 359. It will not be difficult to apply them to the case at bar.

The testator plainly provided for an accumulation of his estate in the hands of trustees for the gross period of thirty years, without any reference to any life or lives in being. And this is the essential character of the trust, notwithstanding the discretionary authority given the trustees to expend money for the education, support and maintenance of various beneficiaries. It is, nevertheless, an accumulative trust. Such beneficiaries took no vested interest. In order to give them any interest, the trustees must exercise their discretion. The exercise of that discretion is a condition precedent. It is entirely uncertain and contingent whether that discretion will be exercised within the prescribed period or not. Gray on Perpetuities, § 246.

As has been already suggested, in this case, lives in being do not form a part of the period of postponement. It is a gross term of thirty years. Whenever lives in being do not form part of the time of suspension or postponement, the only period under the rule against perpetuities is a twenty-one years absolute. *Kimball* v. *Crocker*, 53 Maine, 263.

In order to support this trust, it is necessary that the interest of

the cestuis must vest within the prescribed period, and as there is no intervening limitation, it must have vested, if at all, at the death of the testator. It is not only possible that it would not so vest, but it is certain that it could not vest until the termination of thirty years. Not only is it uncertain who may take at the end of thirty years, for the will provides for several contingencies, but it is clear that no cestui has any interest at all until the end of thirty years. Not only is the enjoyment of the fund postponed, but also any interest in it is postponed beyond the period of twenty-one years. And even the postponed interest is contingent. That the interest is postponed clearly appears when we consider the language of the will. The intention of the testator must control. That intention must be sought in the language he used, as legally interpreted. The testator here gives the entire estate to the trustees for the purpose of accumulation. They are to manage and control it; they may sell it. The proceeds of all his estate they are to invest and re-invest, and so on for thirty years. Thus far in the will no estate is created for any cestui, except that which depended on the discretion of the trustees, and which we have already noticed. Then, the testator goes on to say, "*At the expiration* of said 30 years, the whole of said fund or estate *shall then become* the property of my said two grandchildren," under certain contingencies of life and survivorship. If the estate was *then* to "become" the grandchildren's, and that is the language of the will, we think it was not vested in them before. This case is to be distinguished from *Kimball* v. *Crocker*, supra, and other like cases, where there was a present gift to trustees "for the use and benefit" of cestuis named. "These words," said APPLETON, C. J., "give a present and vested interest in the fund." *Kimball* v. *Crocker*.

We hold, therefore, that this attempted trust offends the rule against perpetuities, in that it postpones the vesting of the equitable interest of the cestuis que trustent beyond the period limited. No equitable interest can arise within the limits of the rule. Therefore the whole trust is bad. A resulting trust arises to the heir or next of kin. Gray on Perpetuities, §§ 413, 414.

As the trust itself fails, it is unnecessary to consider its accumu-

lative feature further than to say that it must have been held bad, under the rule as given in *Kimball* v. *Crocker*, supra, even if the trust had been otherwise sustainable. *Thorndike* v. *Loring*, 15 Gray, 391.

The will makes no other provisions for the distribution of the estate. The trust being void, nothing valid is left in the will except the provision relating to debts due from the testator's son Frank. All the estate, therefore, which was devised and bequeathed to trustees must be treated and administered as intestate property.

Costs, including reasonable counsel fees, may be paid by the executor and charged by him in his account of administration.

*Decree accordingly.*