# CHARLESTON.

FRED C. PRICHARD *v*. A. M. PRICHARD, TRUSTEE, ETC.

Submitted May 10, 1922.   Decided May 30, 1922.

1. PERPETUITY—*An Instrument Attempting to Vest an Estate Possibly Beyond the Life or Lives of Those in Being and 21 Years and 10 Months Thereafter is Void.*

   Because of the rule against perpetuities, an instrument by which it is attempted to vest an estate at a time which may by any possibility be beyond the life or lives of those in being and 21 years and 10 months thereafter is void. (p. 403).

2. SAME—*Rule Against Perpetuities is Not a Rule of Construction and Will Be Applied to a Will Which Violates it.*

   The rule against perpetuities is not a rule of construction. In making application of it to the provisions of a will, the true intent of the testator must first be determined from the language used in the will, and if the instrument so interpreted offends against the rule it will be remorselessly applied, and such provision held invalid. (p. 403).

3. SAME—*Devise of Estate to Trustee for 30 Years After Testator's Death. and Then Vested in Lineal Descendants, Held to Violate Rule Against Perpetuities.*

A provision in a will made by a testator, dying in 1920, devising his estate to a trustee to be held by him until the first day of January, 1950, when the same shall be divided among the testator's lineal descendants then living in the proportions named in the will, violates the rule against perpetuities, and is void, inasmuch as some of the persons who would take under the will on the first day of January, 1950, may come into being more than 21 years and 10 months after the life or lives of those in being at the death of the testator. (p. 403).

4. TRUSTS—*Where the Purposes of a Temporary Trust Have Been Accomplished, the Estate Vests in the Beneficiaries.*

Where the purposes of a temporary trust have been fully accomplished the trust estate will in equity be vested in those beneficially entitled thereto. (p. 411).

5. DESCENT AND DISTRIBUTION—*Payments By Deceased to His Children Will Be Presumed Advancements.*

The presumption is that payments made by a deceased person to one of his children during his life were intended as advancements, and unless this presumption is overcome by some competent evidence, such payments will be so treated in the distribution of the estate. (p. 412).

Appeal from Circuit Court, Kanawha County.

Suit by Fred C. Prichard against A. M. Prichard, trustee, and others, for the purpose of having a will declared invalid. From a decree denying plaintiff any relief, he appeals.

*Reversed in Part.    Affirmed in Part.    Remanded.*

*Livezey & McNeer,* for appellant.
*Jos. A. Glasgow* and *Malcolm Jackson,* for appellees.

RITZ, JUDGE:

Plaintiff brought this suit for the purpose of having declared invalid the provisions of his father's will devising his estate to a trustee for certain uses, as well as for other relief in connection with the administration and distribution of said estate. From a decree denying him any relief he prosecutes this appeal.

In November, 1915, Dr. Lewis Prichard made his will, by the first clause of which he devised to his son, A. M. Prichard, as executor and trustee, all of his property, to be held by him in trust for certain uses mentioned in the will until the first of January, 1950, and as long thereafter as might be necessary to make distribution thereof. By the second clause of said will the executor and trustee is given power to hold the estate together and intact during the time aforesaid, and to manage the same, make sales of parts thereof, and reinvest the same, and to exercise large discretion in the management and investment of said estate. By the third clause of the will testator disposed of his property, and inasmuch as it is the meaning of this clause which is principally involved in this litigation, the same is quoted at length. It is as follows: "After the payment of all my just debts, or provision therefor is made, all income arising or derived from my entire estate, which shall include all interest on money invested, loaned or due the estate, all royalties and rents on coal, oil, gas and other minerals, and leases of same and other real estate, and all dividends on stocks, bonds and investments of all kinds, shall be collected by my said Executor and Trustee, and out of which he shall first pay all taxes, assessments and legal charges of any kind upon all and every parcel of my property, real and personal, and the balance thereof shall be paid annually to my wife, Sarah Belle Prichard, during her natural life, and after her death said net income shall be divided into three equal parts and be paid, subject to the next or 4th clause of this will providing for the payments to the widows of my sons, as follows: one of said parts to my son, Frederick Charles Prichard, one to my son, Armstead Mead Prichard, and the third and last to my two grandsons, Henry Lewis Prichard and Frederick Prichard equally, (they being the only children of my son Henry Lewis Prichard deceased) or to the survivor either being dead without lineal descendants, if they all be then alive; and if any be then dead leaving lineal descendants his or their share shall go to their lineal descendants taking *per stirpes,* and after the death of either or any of them, before final distribution under this will, his part to be paid equally to his lineal descendants they taking *per stirpes.* In case either of my said sons or grand-

sons shall die before final distribution hereunder, without lineal descendants surviving him or in *ventre sa mere,* his part of said income and my said estate at distribution shall then be paid as follows: In case of such death of said Frederick Charles Prichard then all of this share shall go one-half ($\frac{1}{2}$) to said Armstead Mead Prichard, and one-half ($\frac{1}{2}$) to my said two grandsons equally, or to the survivor of them either being dead without lineal descendants or to their lineal descendants they taking *per stirpes.* In case of such death of said Armstead Mead Prichard then all of his share shall go one-half ($\frac{1}{2}$) to said Frederick Charles Prichard and one-half ($\frac{1}{2}$) to my said two grandsons equally or to the survivor of them either being dead without lineal descendants, or to their lineal descendants they taking *per stirpes.* In case of such death of either of my said grandsons then all of his share to go to his brother or his lineal descendants *per stirpes;* and in case of such death of both of my said grandsons, then all of their share to go one-half ($\frac{1}{2}$) to Frederick Charles Prichard and one-half ($\frac{1}{2}$) to Armstead Mead Prichard, or to the survivor of them, either of them being dead without lineal descendants, or to their descendants they taking *per stirpes.*

"It being my desire, request, intention and will and direction that my whole estate, real, personal and mixed, and the profits and income thereof shall, after the death of my wife, said Sarah Belle Prichard, be confined, go to and distributed at the final settlement and distribution thereof to my said living sons, one-third (1/3) each, and the remaining one-third to my said grandsons equally, or to the survivor in case of the death of either without lineal descendants; and to the lineal descendants of the said several parties taking *per stirpes.*

"And if there be no lineal descendants of any of said parties, then to the survivors of their lineal descendants, taking their shares *per stirpes.*"

By the fourth clause of the will the testator provided that an annuity of five thousand dollars a year be paid to the widow of his deceased son, Henry Lewis Prichard, so long as she lives, or until she remarries, this annuity to be paid out of one-third of the income arising from the one-

third of the estate going to the representatives of said deceased son. This clause also provides for the payment of a like annuity to the wife of either of his living sons should they become widows before the expiration of the trust. Clause five provides that the income to be divided and distributed according to the third clause in any one year shall embrace and include only such income as actually may have been collected during such year. Clause six makes certain provisions in regard to determining the trust created by the will by the unanimous consent of all the interested parties, if in the opinion of the executor and trustee it should become advisable to do so. Clause seven provides that certain sums of money paid by the testator to his children in his lifetime shall be treated as advancements in the distribution of the estate. Clause eight provides for the manner of dividing the estate at the termination of the trust thertofore created, and clause nine appoints the testator's son, A. M. Prichard, executor and trustee, with power to nominate his successor; and further provides for the manner of filling a vacancy should one occur and not be filled by the selection of a successor by the said A. M. Prichard.

In April, 1918, the testator executed a deed conveying all of his estate to his two sons Fred C. Prichard and A. M. Prichard and his daughter-in-law, Emma W. Prichard, as trustee, the purpose of said conveyance being, as recited therein, to hold the said estate, and to pay the income arising therefrom to the testator during his life. This conveyance, it is recited, is made because of fear of the testator that he might become incapacitated and might dissipate his estate, or some part thereof, so that the same would not remain intact at his death to be administered under his will.

The testator's wife died in the year 1917, and the testator died in July 1920. Two of the trustees mentioned in the deed above referred to took possession of the testator's property and administered the same under that deed during his life. At his death the whole of the estate was turned over to his son, A. M. Prichard, the executor and trustee named in the will, who has had possession and control thereof ever since.

After the testator made his will in 1915 he paid over to the plaintiff in this suit a considerable sum of money, to-wit, about the sum of $160,000.00 which the executor and trustee contends was an advancement, and should be treated as such, while the plaintiff contends that this was a gift to him by his father, and that he should not be charged therewith in the distribution of the estate. Plaintiff also contends that by the deed of April, 1918, above referred to, all of the property of the testator vested in the three trustees therein named, and that they are entitled to administer the estate jointly, while the defendant A. M. Prichard contends that that trust was only for the purpose of preserving the estate during the remainder of the life of the testator, and that at his death that trust was to terminate and the estate be administered under the provisions of the will. Plaintiff also contends that whether the estate be administered under the will or under the deed, the trust attempted to be created by the testator in favor of his children and their descendants violates the rule against perpetuities, and is, therefore, void, and that the only valid provisions of the will are the provisions devising and bequeathing one-third thereof to each of his two living sons, and the other third to his two grandsons, children of his deceased son, and that inasmuch as this is the course the property would have taken without any will it passes under the law controlling descents and distributions in this State. It is apparent that the principal question involved is the validity of the trust attempted to be created by the testator's will.

The plaintiff contends that the scheme or plan of the testator for the distribution of his estate violates the rule against perpetuity because the testator attempts to control the devolution of the property to a period beyond that permitted by that rule. In other words, he insists that the real purpose and intent of the testator was to cast his estate upon and vest the same in his lineal descendants living upon the first of January, 1950, and it is admitted that if this is the meaning of the will, then it does violate the rule against perpetuities. The defendants, however, contend that the testator's two sons and two grandsons take a vested estate

upon the death of the testator, subject to be defeated should they, or either of them die without children, and that the part going to each of the devisees becomes absolutely vested at their death, and not on the first of January, 1950; that that date was simply fixed as the time for the distribution of the property to the people who might own it, and not as the date for determining who were the owners of it.

The rule against perpetuities is an arbitrary one applied for the purpose of preventing an owner of property from controlling its devolution beyond a certain period. It is not a rule of construction. In the application of the rule every provision of the will or deed is to be construed as if the rule did not exist, and then when the real intent of the testator in a will, or the grantor in a deed, is determined, the rule is remorselessly applied, and if the paper thus construed offends against the rule it will not be allowed to stand. Gray on the Rule against Perpetuities, § 629. The issue, therefore, and the main question involved in this case is clear cut and single. The plaintiff insists that the clear intention of the testator as expressed in the will is that his estate should pass to and become the property of his two sons and two grandsons, should they be living on the first day of January, 1950, and if not, then to such of their lineal descendants as might be living at that time, in the proportions mentioned in the will; that the clear purpose of the testator was to control his estate until the first of January, 1950, and on that date pass it to such of his lineal descendants as might then be living. If this is the proper construction of the paper, then admittedly it violates the rule. The defendants, on the other hand, contend that the true construction of the will is that each of the testator's sons and the two grandsons took a vested estate upon the death of the testator, subject to be defeated should they die without issue, and that the estate would completely vest without any further control thereof as to who should be the owner of it at the death of each of the two sons and the grandsons; that there is no attempt to control the devolution of the estate beyond the life of testator's two sons and his two grandsons in being at the time of his death; and admittedly, if this

is the proper construction of the will, it does not violate the rule.

Clause 3 above quoted is the one to which we must look for guidance. It is the clause of the will which defines the trust upon which the estate is devised to the executor and trustee. It will be noticed that the first provision in this clause for distribution of any of the estate is in favor of the testator's wife. She having died, however, before the testator, that provision is inoperative. After the death of the testator's wife this clause provides that the income arising from the estate be divided in three equal parts, and be paid: one of said parts to the plaintiff, one to A. M. Prichard, and the other to the two grandsons of the testator, children of his deceased son, or to the survivor, either of them being dead without lineal descendants, if they all be then living; and if any be then dead leaving lineal descendants, his or their share should go to their lineal descendants, and after the death of either or any of them before final distribution under this will his part be paid to his lineal descendants. It is further provided that in case either of the testator's sons or grandsons shall die before final distribution without lineal descendants, his part of the income and of the estate at distribution shall be paid, in the case of the death of Frederick C. Prichard, one-half to the said A. M. Prichard and the other half to the grandsons equally; and a like provision is made in case of the death of A. M. Prichard or the two grandsons without issue before the final distribution. In this provision there is no intimation as to how the testator desires the corpus of his estate to be divided, nor is there any suggestion as to when the income shall be paid to the parties mentioned. Both parties to this suit seem to agree on the conclusion that the income is to be paid annually to such persons as may be living from year to year as the will provides should take it at such time. The only provision in the will for the payment of the income annually is to the testator's wife should she survive him. After her death it is provided that the income shall be paid in a certain way as above pointed out, but there is nothing in the will to indicate that it should be paid annually, or should be paid at all in advance of the

first of January, 1950, the date of the final distribution, and when we look to the further provisions of this third clause we find that the testator has therein provided specifically when the distribution shall be made, not only of the corpus of the estate, but of the profits and income thereof. In that provision he says that it is his desire, request, intention, will and direction that his whole estate, and the profits and income thereof shall, after the death of his wife, go to and be distributed at the final settlement and distribution thereof to my said living sons one-third each, and the remaining one-third to the said two grandsons, and to their lineal descendants; and if there be no lineal descendants of any of said parties, then to the survivors of their lineal descendants taking their shares *per stirpes.* It seems quite clear to us from this provision that the testator never intended either of his sons, or either of the grandsons, children of his deceased son, to take any part of the income of his estate until the final distribution thereof, for he in clear and express terms provides that the income and profits from it shall be distributed to them at the time that the corpus of the estate is distributed to wit, at the time provided for final distribution, January 1, 1950. It is true, the fifth clause of the will provides that the income to be divided and distributed according to the third paragraph in any one year shall embrace and include only such income as may be collected during that year, but this provision is not at all inconsistent with the view above expressed, for it must be borne in mind that at the time the testator executed the will his wife was then living, and the will provides for payment of income to her so long as she shall live, and provides for these payments to be made annually, so that the provisions of the fifth clause were evidently intended to apply to such payments as should be made to the testator's wife in case she survived him. There are no other payments mentioned in the third clause to which it could have application. It is not very material, however, whether the will provides for the distribution of the income to the testator's children and grandchildren from year to year, or whether it is to be accumulated and distributed to the parties entitled to it at the final distribution of the estate.

The proper construction of the will, so far as determining the time at which the estate shall pass to the parties for whom it is intended, does not depend upon when the income is to be distributed. In looking at this clause three there cannot be found an expression in it indicating an intention upon the part of the testator that any person should become the owner of one dollar of his estate before the year 1950. He has expressed a clear intent to control it by this will up to that time. It in effect says, I devise and bequeath my estate to a trustee to be held by him until the first of January, 1950, at which time it shall pass to and become the property of such of my lineal descendants as may then be living. No other fair meaning can be drawn from the language used. The testator did not intend that his property should pass from his lineal descendants until after the first of January, 1950. The express language is that on the final distribution on the first of January, 1950, it shall be paid to such lineal descendants as may then be living. This is entirely inconsistent with the theory of the defendants. If the defendants' theory is correct, then the persons entitled to the estate would be determined, not on the first of January, 1950, but on the death of each of the testator's sons and the two grandsons, children of the deceased son. The contention of the defendants is that if one of the testator's sons should die prior to the year 1950, then the share of such son would immediately vest absolutely in his children should he leave any surviving him, and of course if this were true these children could sell or convey the part of the estate thus passing to them, and instead of the estate being distributed to the testator's lineal descendants in 1950, an outsider might become the owner of it by that time, and not one dollar of it be paid as directed by the will. The testator never intended this. We think his clear purpose was to keep control of his estate through his trustee until the first of January, 1950, at which time it would be determined who should possess it. If the two sons were then living each of them would receive one-third of the estate. If the two grandsons were then living each of them would receive one-sixth of the estate, or if one of them were dead the other would receive the full one-third. If one of

the sons died before the first of January, 1950, then the estate would be divided, one-half to the other son, and one-half to the two grandsons, and if both of the sons, or both of the grandsons mentioned in the will were dead on the first of January, 1950, then the estate would pass to their lineal descendants living at that time. The intention of the testator to vest this estate in such of his lineal descendants as might be living on the first of January, 1950, is so clearly expressed that we can see no room for two opinions about it. If the language used is to be given any force and effect it is impossible to determine who will take this estate until the first of January, 1950. The testator did not intend to lose control of it until that time, and he did not intend that one dollar of it should pass out of his family until after that date. The fact that such a construction results in destroying the trust which the testator attempted to create is not at all material. It is quite true that the law favors the vesting of estates, but the courts will not give to an instrument a meaning entirely inconsistent with the language used for the purpose of making it valid, nor will the courts adopt a strained or artificial construction in order to prevent the will from violating the rule against perpetuities. As before stated, the intention of the testator will be determined from the paper itself without regard to whether or not it violates the rule against perpetuities, and when that intention is determined, if the paper violates that rule it will be remorselessly applied. It is quite plain that this construction renders the testator's scheme invalid. In fact, the defendants admit that such is the case. The estate may be cast upon a person or persons on the first of January, 1950, who come into being more than 21 years and 10 months after the lives of the testator's sons and the two grandsons referred to in the will. It must be borne in mind that in applying the rule against perpetuities it will be effective to defeat a devise or grant if by any possibility the estate thereby created may be vested more than 21 years and 10 months after the life or lives of those in being. It is entirely possible that both of the testator's sons and his two grandsons, children of the deceased son, may die within a very short time after his death, and that their children, or

some of them, may have children born more than 21 years and 10 months after the death of the testator's sons and the two grandsons, who would be the only surviving lineal descendants on the first of January, 1950.

The defendant relies upon a number of cases which it is contended control this case in favor of the validity of the trust. One is *McArthur* v. *Scott,* 113 U. S. 340. In that case the testator devised his property to a trustee and directed that the income, until his youngest grandchild, who might live to be 21 years of age, should arrive at that age, should be divided equally among the testator's children, and should the issue of any child die, among the grandchildren also as they successively became of age; and that after the decease of all of his children, and when and as soon as the youngest grandchild shall arrive at the age of 21 years, the estate shall be divided equally among the grandchildren per capita. It is quite apparent that this case has no application here, for the reason that the time fixed for determining who should take the estate was within the life or lives of those in being and 21 years and 10 months thereafter. It is quite apparent that the testator's youngest grandchild must become 21 years of age within 21 years and 10 months after the death of its parent, who, being a child of the testator, would be the person in being at his death. In the case of *Bowling* v. *Miller* (Ind.), 33 N. E. 354, cited and relied upon, the same situation existed. The persons entitled to the estate under the will were clearly determinable within the prescribed period.

It is argued that the fact that one entitled to an estate may not come into possession of it until after the time limited by the rule against perpetuities does not make the estate invalid, and to this we readily agree, but in order for a devise of this kind to be valid the persons who will eventually take it under the devise must be determinable within the period prescribed. The time when they shall come into the possession of it makes little difference, so that their ownership of it is fixed within the period. A very instructive case is *Johnston's Estate,* 185 Pa. State, 179, also reported in 64 Am. St. Rep. 621, to the report of which is appended a monograph collating many of the authorities. The case of *Andrews* v. *Lincoln,* 95 Me.

541, 50 Atl. 898, is also exactly in point here. We are very clearly of the opinion that the testator's will, fairly construed, attempts to vest the estate at a time beyond that prohibited by the rule against perpetuities, and the trust thereby created for that purpose is therefore void, and can be given no effect. The whole purpose of creating the trust was to preserve the property so that it might pass to those intended by the testator on the first day of January, 1950, and inasmuch as that purpose is invalid the whole scheme by which it was intended to accomplish it will fall. *McCreery* v. *Johnston,* 90 W. Va. 80, 110 S. E. 464. This would leave nothing remaining except the devise of one-third of the testator's estate to each of his two sons, and the other third to his two grandsons, and of course the limitation upon this devise being invalid, and the valid provisions of the will not changing the course of descents and distributions provided by law, the estate would pass under the law.

There is, however, another provision of the will which is entirely valid, and which must be given effect, and that is that provision by which an annuity is provided for the widow of the testator's deceased son. It is also provided in the will that in case the wife of either of the testator's living sons should survive her husband, an annuity should be paid to her out of the income from the share of her husband in lieu of dower in the estate. This provision, however, was simply a part of the testator's scheme to control the devolution of his estate on the first of January, 1950, and would necessarily fall with the other provisions. The provision made, however, for the defendant Emma W. Prichard, widow of testator's deceased son, has no relation whatever to the scheme of the testator for controlling the devolution of his estate, and the will creates a charge against the one-third going to the two grandchildren in favor of their mother, the defendant Emma W. Prichard. So far as this interest is concerned, the trustee has some active duties to perform, and the will must be given effect so that this part of it may be executed.

As to the one-third of the estate going to the plaintiff and the one-third going to the defendant A. M. Prichard, they

are each entitled to it at once, inasmuch as the trustee has no duties to perform in relation thereto. It will be noted that the charge in favor of the defendant Emma W. Prichard is only upon the income arising from one-third of the one-third of the estate going to the two grandchildren, so that as to two-thirds of it the executor and trustee has no longer any active duties. As to the other one-third of this one-third, the executor is charged with applying the income from it to the payment of the annuity provided for the defendant Emma W. Prichard, to the extent that may be necessary for that purpose, and any residue, of course, would belong to the two grandchildren. This trust continues until the death of the defendant Emma W. Prichard, or until she remarries, upon the happening of either of which events the active duties of the trustee would end, and the two grandsons be entitled to the possession of the estate.

There is a great deal of argument indulged in on the question of whether the trust created by the will should be administered by the three trustees mentioned in the deed above referred to, or by the executor and trustee named in the will. The conclusions we have come to would render this an academic question were it not for the fact that the trustee still has some duties to perform in respect to the annuity provided for the defendant Emma W. Prichard. The contention of the plaintiff is that the effect of the deed is to substitute the three grantees therein named as trustees for the executor and trustee named in the will, while the contention of the defendants is that this deed only created a trust during the life of the testator, and was only for the purpose of preserving his estate so that it might pass to the trustee and executor named in the will. This construction, we think, is correct. The only beneficiary in the deed was the grantor himself. The deed provided that all of the income accruing to the estate during his life be paid to him, and the only duty charged upon the trustees in that deed was the collection of this income and the payment of it to the grantor. Upon his death this duty ceased, and the trust was at an end. By the clear intention expressed in the deed there was no purpose that it should continue longer. When

the purpose for which the trust was created no longer exists, the title to the property will in equity belong to those who come next in succession, and that person in this case, so far as there is anything left for the trustee to administer, is the executor and trustee in the will. *Blake* v. *O'Neal,* 63 W. Va. 483.

This leaves remaining the question whether or not the sums paid to the plaintiff by his father after the execution of the will are to be treated as advancements and accounted for by him in the distribution of the estate, or as absolute gifts not to be so accounted for. The rule is well established that such payments are *prima facie* advancements, and will be so treated, unless the presumption in that regard is overcome. In this case there is nothing to overcome this presumption. The plaintiff relies upon the fact that while these advancements were made to him after the will was executed, and before the deed referred to above was made, no mention thereof is made in the deed. This we do not think tends in any way to show an intent upon the part of the testator that they should not be treated as advancements. The deed was a mere temporary device by which the property was to be cared for until the testator's death. On the other hand, the fact that the testator very carefully provided in his will that all of the advancements made to his several children should be taken into consideration in the distribution of his estate clearly indicates the purpose on his part to establish equality among them in its distribution. This circumstance, however, is not necessary in order to determine the character of the advancements made. The presumption that they were intended as advancements is not overcome, and this is sufficient ground for treating them as such.

We will reverse the decree of the lower court so far as it holds that the trust created by the will in favor of the testator's lineal descendants is valid, and enter a decree here holding that such provision is invalid and ineffectual to accomplish the purpose intended by the testator, and that each of the testator's two sons is entitled to receive a one-third portion of the estate, subject to the advancements made to them respectively by their father in his lifetime; that the

two grandsons mentioned in the will are each entitled to receive a one-third part of the remaining one-third, subject to the advancements made to their father; and that the other one-third part of this one-third shall be held by the executor and trustee for the purpose of meeting the provision made for the defendant Emma W. Prichard until such time as that provision shall cease under the provisions of the will, when such part shall go to the two grandsons aforesaid, with the power of course as to this one-third of the one-third part of the estate to dispose of any part of it and reinvest it as provided by the will so long as it shall remain subject to the trust, but as to the two-thirds belonging to the testator's two sons and the two-thirds of the one-third to which the two grandsons are entitled, the powers of the executor and trustee cease for all purposes except to make distribution thereof as above indicated. The decree below will be affirmed so far as it holds that the defendant A. M. Prichard is the sole trustee for the purpose of administering the trust remaining to be administered. It will also be affirmed so far as it holds that the amounts paid to the plaintiff by his father between the date of the making of the will and his death are advancements, and he shall be charged with these sums in the distribution of the estate, and the cause will be remanded in order that the personal estate may be distributed as above indicated under the supervision of the court. The real estate cannot be partitioned in this suit under the present pleadings.

*Affirmed in part. Reversed in part. Remanded.*