### IN THE

# Supreme Court of the State of Georgia,

## AT ATHENS,

# NOVEMBER TERM, 1862.

PRESENT—JOSEPH H. LUMPKIN,
RICHARD F. LYON, } JUDGES.
CHARLES J. JENKINS,

CATHARINE WORTHEN and GREENE B. WORTHEN, plaintiffs in error, *vs.* JEREMIAH PEARSON, defendant in error.

1. When the whole property is conveyed by the testator, if there be one part of the property with respect to which it is clear that the testator did not intend that it should be subject to the claim of dower, in such case the wife is necessarily put to her election.
2. A charge of an annuity upon the land, or "a support and home" for her, is sufficient to put her upon her election.

This was a bill in equity, tried in Hancock Superior Court, before Judge THOMAS W. THOMAS, at the April Term, 1861.

The facts of this case are sufficiently stated in the opinion of the Court, as pronounced by Judge LUMPKIN.

W. C. McKINLEY, attorney for plaintiffs in error.

A. H. STEPHENS, for the defendant in error.

*By the Court.*—LUMPKIN, J., delivering the opinion.

Stephen Pearson died testate. His will contained the following items: "5th. I decree and bequeath to my son, Jeremiah, one thousand acres of land, to be run in such a manner as to include my present dwelling, and also grist mill, cotton and gin house, and bounded by the lines to be marked out." "Item 9th. It is my will and desire that the balance of the property, to be kept together by my executor on the real estate, lying in this county, until my son, Flavius, arrives at lawful age, and that my wife and family be supported out of it, and that it be worked to the best advantage, so as to improve my estate when my son, Flavius, arrives at lawful age, then it is my will and desire that my real estate be turned over by my executor, as herein decreed, and that the personal estate, being the residue, as well as also the rents, issues and profits, be equally divided between my sons, Jeremiah, Stephen and Flavius, and my daughter, Georgia Horne." "Item 10. After the division, as contemplated in the last foregoing item, I enjoin upon my son, Jeremiah, to give his mother a home and support during life, having given him, as I conceive, the most valuable share in my real estate. *I make her support a charge upon the same.*"

Leaving out of this opinion every thing irrelevant, I will state the facts according to the construction put upon them by this Court.

The plaintiffs in error have recovered and been paid a support out of the estate of Stephen Pearson up to December, 1858, when Flavius Pearson became of age. By the judgment of the proper Court they have also been allowed dower in the real estate of the deceased. By agreement of parties compensation in money was substituted, and this bill is filed to have decreed a sum of money in commutation for the "home and support" for life, allowed by the testator to his widow, and charged upon the thousand acres of land left to Jeremiah Pearson.

If the 9th item of this will stood alone, we would say unhesitatingly that the support given to the widow in com-

mon with the children would not bar her right to dower. It is the opinion of some that the acceptance of this provision, under *this* will, would constitute no bar to her claim of dower; others hold that the acceptance of this provision constrains her to conform to all its provisions, renouncing any right inconsistent with them; that no person can accept and reject the same instrument.

We pass over this point. The question now is, not whether she is entitled to dower, but having elected to take it, can she claim the value of a home and support of Jeremiah Pearson, and which is charged upon the lands decreed to him? We think not. I shall not attempt to reconcile the cases upon this subject. They are ably reviewed in the note in White's Equity Cases to Sheatfield vs. Sheatfield, volume 1, 272, 289, to which reference is respectfully made. Moreover I subscribe to the principle in all amplitude, that to compel a wife to elect that the laws and provisions of the will must be such as to show an evident intention on the part of the testator to exclude the claim of dower, the provisions of the will, or *some of them*, must be absolutely inconsistent with her claim of dower. But where the testator devised the whole of his property, if there *be one part of the property* with respect to which it is clear that the testator did not intend it should be subject to the claim of dower, it follows that he did not intend that any portion of it should be subject to dower, and in such case the wife is necessarily put to her election. 4 Madd. Ch. Rep., 68, 5th ed., '61. And the charge of an annuity upon the land in favor of the widow notwithstanding there is some contrariety of decision in England, are held to be clearly settled by the higher authority to be sufficient to put the wife upon her election. 2 Edw., 236.

Here the wife has elected to take dower out of the thousand acres of land devised to Jeremiah Pearson. It has been substantially allotted to her. Shall she now have "a home and support" charged upon the same land? We adjudge not. The Court in a former issue, looking only to the support allowed her in common with children, held that constituted no bar to dower. That judgment, right or wrong, is

irreversible. But when now she seeks to subject the very lands of Jeremiah Pearson to the incumbrance of "home and support," out of which she has been endowed, we sustain the judgment of the Circuit Court in arresting her.

As in the view we have taken of the rights of the parties, a reversal upon the other grounds in the bill of exceptions would be ancillary, we forbear to notice them.

Let the judgment be affirmed.