O'Halloran *vs.* O'Halloran.

WILLIAM O'HALLORAN, plaintiff in error, *vs.* ELLEN O'HAL-
LORAN, defendant in error.

The verdict in this case, granting a total divorce, was not contrary to the evidence, or to law, or to the weight of the evidence, and where the property which is given by the verdict to the wife and children—she being the libellant—was the property of the wife at the time of filing the libel, it is not on that ground liable to be objected to by the husband. If the giving to the children an interest in such property could be excepted to, it was a matter of which the libellant only could complain, and not the defendant.

Divorce. New trial. Before Judge HOPKINS. Fulton Superior Court. October Term, 1873.

Ellen O'Halloran filed her libel for divorce against William O'Halloran, alleging adultery, cruel treatment, and habitual drunkenness. The following schedule of property possessed by petitioner, at the time of the separation, was annexed:

1st. Household and kitchen furniture of value of $350 00.

2d. One-half lot of land, part of lot one hundred and eleven, in the fourteenth district of originally Henry, now Fulton county, of the value in specie of $2,000 00.

O'Halloran *vs.* O'Halloran.

The record fails to disclose the plea of the defendant.

The evidence made out a clear case of cruel treatment and habitual drunkenness on the part of defendant. It also disclosed that the petitioner had two children by the defendant, a boy six years of age, and a girl three and a half; that the land set forth in said schedule belonged to petitioner.

The jury rendering the final verdict of divorce, gave all of the land specified in said schedule to the petitioner and her two children.

The defendant moved for a new trial, because the verdict was contrary to evidence, law and equity. The motion was overruled, and the defendant excepted.

HILL & CANDLER, for plaintiff in error.

L. E. BLECKLEY, for defendant.

TRIPPE, Judge.

This case was not argued before this Court, and as the sole ground in the motion for a new trial is that the verdict is against law and evidence, we have searched the record to ascertain if the verdict was authorized by the evidence. There can be no doubt that the testimony justifies the granting a total divorce, under the law, if the jury thought it proper so to find. It was in proof that the land in the schedule was the property of the wife at the time of filing the libel, and the jury gave it to her and the children. It was not wrong to allow the wife to keep what was already hers, when the husband had proved himself unworthy of her. As to the interest given to the children, that was a matter for the wife to complain of, if anybody could complain. The husband, in this case, cannot object that the children were let in to share their mother's property. It appeared from the wife's testimony that she was willing for her husband to have a portion. This she stated herself. But the jury would not be as liberal to him as she said she was willing to be, and we do not think they were wrong. It might be a question whether they could

have given a part of the wife's property to the husband. By her consent, probably, all difficulty could have been avoided. But the jury did not feel justified in so doing. Under the evidence showing such cruelty and drunkenness, no one has a right to complain that the wife's land was secured to her and their children.

Judgment affirmed.