KINNEBREW *vs.* McWHORTER *et al.*

1. Where a widow sought, by bill in equity, to have dower set apart to her from land to which a deed had been made by her deceased husband, alleging that such deed was only a security for money loaned to him, and that a bond to reconvey had been made, which was lost, but did not offer to pay the debt, the bill was properly dismissed on motion.

2. Where it appears on the face of a bill that complainant is entitled to no relief, either at law or in equity, this may be taken advantage of, by motion, at the trial; that a court of equity has no jurisdiction because there was a legal remedy, must be objected by demurrer at the first term.

Equity. Dower. Practice in the Superior Court. Before Judge POTTLE. Oglethorpe Superior Court. April Term, 1878.

To the report contained in the decision it is only necessary to add the following: Mrs. Kinnebrew sought, by bill, to have dower set apart to her in certain land. She alleged that in 1869, her deceased husband had borrowed money from McWhorter, made a deed to him as security, and took bond to reconvey, which has since been lost; that McWhorter has taken possession since her husband's death, and has returned to her the note given for the money borrowed. There was no tender of the amount due. Usury was alleged to have been charged.

LEWIS & SON; E. C. KINNEBREW, for plaintiff in error, cited as follows: Attorney's right, Code, §1989. Dower paramount, Code, §1763-4; 42 *Ga.*, 205. Equity in bill; Story's Eq. Jur., 64; Code, §§3081, 3089. Conveyance was mortgage, 9 *Ga.*, 151; 43 *Ib.*, 262. Or affected with usury; 55 *Ga.*, 412, 612; Code of 1868, §2025. Motion to dismiss too late, 58 *Ga.*, 457; 27 *Ib.*, 233, 352; Code, §4191.

JNO. C. REED; W. G. JOHNSON, for defendants, cited as follows: Bill settled except dower, Code, §4190. No equity in bill, 10 *Ga.*, 399; 16 *Ib.*, 79; 32 *Ib.*, 669; Code,

§4041 *et seq.* ; 4 Kent's Com., 71. Attorney's right, contrast 56 *Ga.*, 279 ; 58 *Ib.*, 132 ; Code, §1989.

WARNER, Chief Justice.

It appears from the record and bill of exceptions in this case, that the complainant filed her bill against McWhorter *et al.*, in which she claimed, amongst other things, the right of dower in certain described lands as the widow of her deceased husband. It also appears that pending the suit the complainant entered into a written agreement with the defendants to settle the same. The complainant's attorney notified the parties before the settlement was made, that unless his fee of fifty dollars was paid, that the case would be prosecuted to trial so far as the claim of the right of dower was concerned. When the case was called for trial, a motion was made to dismiss the bill on the ground that it had been settled, and on the further ground that there was no equity in complainant's bill. The court sustained the motion and dismissed it ; whereupon the complainant's counsel excepted.

If the deed from the complainant's husband to McWhorter in 1869, was an absolute conveyance of the land to him, then the complainant was not entitled to dower in it; but if the deed was executed merely as a security for money borrowed, as the complainant alleges it was, then the complainant was not entitled to her dower in the land until she had paid, or offered to pay, the amount of the principal borrowed, with the lawful interest due thereon, which she has not done nor offered to do. *Lackey vs. Bostwick*, 54 *Ga.*, 45. The complainant, therefore, was not entitled to dower in the land, according to the allegations in her bill, and her attorney, who claims to prosecute the case for his fees, cannot be in any better condition to obtain a decree in her name therefor than his client. There was no error in dismissing the complainant's bill for want of equity.

2. As to the time of making the motion to dismiss the bill, the rule, as recognized by the decisions of this court,

appears to be, that if it is apparent on the face of the complainant's bill, that he is not entitled to the relief which he seeks, neither in a court of law nor in a court of equity, then his bill will be dismissed at the hearing of the cause, but if the objection is that the court of equity has not jurisdiction of the case, because the complainant has an ample and adequate remedy at law, a motion to dismiss the bill at the hearing upon that ground comes too late. The objection upon that ground should be made at the first term of the court by demurrer; that is to say, when the objection is to the *forum* in which the suit is instituted.

Let the judgment of the court below be affirmed.