## McDONALD, administrator, *v.* McDONALD.

1. A widow is not entitled to dower out of land of which her husband did not die seized and possessed and to which the husband did not obtain title in right of his wife.

2. Where, therefore, a husband borrowed money and made to the lender an absolute deed under section 2771 et seq. of the Civil Code, receiving a bond for title from the lender, and at the time of his death none of the notes given by him for the borrowed money had been paid, he had no interest in the land except the equity of redemption, and it was error to hold that his widow was entitled to dower in such land.

3. It was also error, where the evidence was conflicting as to the value for rent of the land assigned as dower while such land was in the hands of the administrator, to direct the jury to find the highest amount proved.

Argued May 21. — Decided June 9, 1904.

Application for dower.  Before Judge Russell.  Jackson superior court.  August 13, 1903.

*J. S. Ayers* and *Pike & Willis,* for plaintiff in error.
*E. C. Armistead* and *H. H. Dean,* contra.

SIMMONS, C. J.  In February, 1901, McDonald borrowed $2,000 from the British American Mortgage Co. Limited.  To secure this loan he made an absolute conveyance of certain land under the Civil Code, § 2771 et seq., giving his notes for different amounts, due at different times, with a stipulation that, if any note should not be paid at maturity, the whole amount should become due.  In August, 1901, McDonald died without having repaid any of the money borrowed.  An administrator was appointed.  The widow of the deceased applied to the superior court for the appointment of commissioners to lay off and admeasure her dower in the lands embraced in the above-mentioned deed.  These lands consisted of some 165 acres, and were the only lands in which

McDonald had any interest at the time of his death. The commissioners set apart one third in value of these lands as dower. The application was duly served upon the administrator, who filed a traverse on the ground that the husband had not been seized and possessed of these lands at the time of his death, and that, therefore, his widow was not entitled to dower in them. The mortgage company also filed a traverse to the return, upon what grounds does not appear in the record. The case came on for trial, and evidence was introduced by the applicant and by the administrator. Sometime during the trial the mortgage company and the applicant entered into an agreement whereby the mortgage company agreed to withdraw its traverse and objections to the application, while the widow agreed that her dower, if assigned, should not affect the superior lien of the judgment which the mortgage company had obtained against the administrator upon the notes given by McDonald. This agreement was reduced to writing, made the judgment of the court, and ordered entered upon the minutes. The judge then directed the jury to return a verdict in favor of the applicant, for the land set apart to her, and also for the highest proved value of such land for rent during the time the administrator held it. Decree was entered upon this verdict. The administrator excepted to the direction of the verdict and to the decree.

1, 2. It will be seen from the above statement of the facts that McDonald had made an absolute deed to this land to the mortgage company. Although it was made for the purpose of securing a loan, and bond for title was made to McDonald by the mortgage company, conditioned to reconvey the land upon the repayment of the money borrowed, with interest, our code and the decisions of this court declare that such a deed passes the title. It was an absolute conveyance, and the title passed from McDonald to the mortgage company. Under the Civil Code, § 4687, the widow is entitled to dower in lands " of which the husband was seized and possessed at the time of his death; or to which the husband obtained title in right of his wife." There is no claim in the present case that McDonald obtained title to the lands involved in the right of his wife. He was residing upon the land at the time of his death, and it seems, from the recitals in the deed, that this was by permission or agreement of the mortgage

company. But he had no seizin, — no title, — and his possession was not of the kind contemplated by the code when it says "seized and possessed." Unless he was "seized" of the land, — had title to it, — his widow had no right to dower in it. See *Ferris* v. *Van Ingen*, 110 *Ga.* 115; *Harman* v. *Stange*, 62 *Ga.* 167; *Kinnebrew* v. *McWhorter*, 61 *Ga.* 33; *Raley* v. *Ross*, 59 *Ga.* 875. But it is argued that no one had the right to make this question except the mortgage company, and it had withdrawn its traverse. Certainly the administrator has a right to administer the entire assets of the estate for paying debts and for distribution. He also represents the decedent and could make any objections to the deed of the mortgage company which the decedent could have made. The administrator is interested in the proper administration of every asset of the estate, and has a right to resist any effort improperly to reduce the estate. The case of *Ashley* v. *Cook*, 109 *Ga.* 653, is not in conflict with what has been said above. That was a case in ejectment, where the claim for borrowed money had been sued to judgment and the execution levied and the land sold without reconveyance to the borrower. Cook bought in the land at the sale, and the heirs of the grantor brought ejectment against him. Cook offered the deed of the borrower to the lender in evidence in order to show an outstanding title superior to that of the heirs at law. The latter objected to the deed on the ground that Cook could not connect himself with it, and therefore could not rely upon it in any way. Cobb, J., in discussing this feature of the case, remarked: "As to all the world except the grantee, the grantor in the security deed is the owner of the property. . . It would therefore seem right and proper that no person should be allowed to use this title in any way to interfere with the rights of the grantor in the deed, whatever they may be, unless the person relying thereon connects himself in some way with the deed." He simply meant to say that Cook, the purchaser at the sale, could not use the deed against the grantor or his heirs unless he connected himself with the deed. In another part of the opinion it is shown that Cook did connect himself with the deed and was therefore entitled to introduce it in evidence and use it. The case now before us is entirely different. Here the grantor, or his personal representative, the administrator, attempted to use the deed of McDonald to the

mortgage company for the purpose of protecting the heirs and creditors of the estate, — not to use it " in any way to interfere with the rights of the grantor in the deed," but to use it in the interest of his estate. If Mrs. McDonald has no right to dower in this land, the objections of the administrator would benefit the other heirs and the creditors of the estate. None of the borrowed money having been paid to the mortgage company, and there being no offer to redeem by the widow, the title still remained in the company. The widow had no right to dower in the land, and it was error for the trial judge to direct a verdict in her favor and enter decree thereon.

3. The above being true, the error of the trial judge in directing a verdict for the highest amount proved for rent, when the evidence was conflicting upon the subject, will not necessarily or probably be involved in the next trial, but as matter of practice we deem it best to reassert this principle. In no case where the evidence is conflicting on a material issue has a judge the right to direct a verdict thereon. *Judgment reversed. All the Justices concur.*