COOK *v.* FIRST NATIONAL BANK OF COLQUITT *el al.*

HINES, J.  Dower is the right of a wife to an estate for life in one third of the lands, according to valuation, of which the husband was seized and possessed at the time of his death.  Civil Code (1910), § 5247.  Seizin of the husband is essential to entitle the wife to dower.  A widow is not dowable of lands which her husband had by deed conveyed to another to secure an indebtedness, where the husband died before the debt so secured was paid.  *McDonald* v. *McDonald,* 120 *Ga.* 403 (47 S. E. 918); *Harris* v. *Powers,* 129 *Ga.* 74 (58 S. E. 1038, 12 Ann. Cas. 475); *Mc-Phaul* v. *McPhaul,* 150 *Ga.* 486 (104 S. E. 241).  Partial payment of the secured debt does not entitle the wife to dower.  *McPhaul* v. *Mc-Phaul,* supra.  The status at the time of the death of the husband fixes the right of the widow to dower.  *Connelly* v. *Swann,* 141 *Ga.* 112 (80 S. E. 553).  So where the administratrix of the deceased husband, who is his widow, with funds of the estate, pays up the indebtedness so secured by his deed, this fact does not entitle the widow to dower in the lands so redeemed.  This would be taking funds belonging to cred-itors, or other heirs, to perfect the right of dower.  This case does not fall within the provisions of the statute embraced in the Civil Code (1910), § 5248, relating to the assignment of dower in lands partly paid for.  *McPhaul* v. *McPhaul,* supra.  The court adheres to the ruling made in the last-cited case.

*Judgment affirmed.  All the Justices concur, except Russell, C. J., and Atkinson, J., dissenting.*

No. 4074.  APRIL 22, 1924.

Application for dower.  Before Judge Yeomans.  Miller supe-rior court.  October 30, 1923.

*M. E. O'Neal* and *T. S. Hawes,* for plaintiff.

*N. L. Stapleton* and *P. D. Rich,* for defendants.