MURPHY, executor, *et al. v.* JOHNSTON, executor.

No. 13113.   FEBRUARY 15, 1940.   ADHERED TO ON REHEARING, MARCH 15, 1940.

*McLaws, McLaws & Brennan, A. Leopold Alexander, H. Wiley Johnson, Lawton & Cunningham, Spence M. Grayson, J. C. Hesler,* and *Girard M. Cohen,* for plaintiffs in error.

*Gazan, Walsh & Bernstein,* contra.

JENKINS, Justice. ■ It is well settled in this State, that, not only in express or implied trusts but in other fiduciary relations, the statute of limitations will not begin to run so long as the trust or duty with regard to specific property continues and is acknowledged to subsist, and there is no change of status to show an adverse holding by the person in possession; that during such time the owner has the right to treat the possession of the other person as his own; and that the statute will not begin to run until such person has given the owner notice of his adverse claim, or there are

circumstances which would be the equivalent of such notice. *Reynolds* v. *Dorsey,* 188 *Ga.* 218 (2, 3), 220 (3 S. E. 2d, 564), and cit. Accordingly, this petition by the executor of the sole heir at law of a testator, against the testator's administrator and the parties at interest in the testator's estate, to declare the residuary clause of the will void as violating the rule against perpetuities, and to recover such estate, was not barred by the statute, since it showed no adverse claim by the administrator and his predecessors. Nor did it show laches, under the Code, §§ 3-712, 3-713, rendering "the ascertainment of the truth difficult" (*Citizens & Southern National Bank* v. *Ellis,* 171 *Ga.* 717 (3, c), 156 S. E. 603), since the essential questions presented were matters of law determinable from the will itself. *Hill* v. *Hill,* 161 *Ga.* 356, 359 (130 S. E. 575); *Citizens & Southern National Bank* v. *Clark,* 172 *Ga.* 625 (2, 3), 629 (158 S. E. 297).

■ Under the rule of the Code, "Limitations of estates may extend through any number of lives in being at the time when the limitations commence, and 21 years, and the usual period of gestation added thereafter," otherwise a perpetuity arises, which is forbidden. Code, §§ 85-707, 85-801; *Robinson* v. *McDonald,* 2 *Ga.* 116 (3), 121, 122. When no life in being forms any part of the period of suspension or postponement of the time when the estate or interest is to become vested, the limit of time under the rule against perpetuities is twenty-one years. 1 Perry on Trusts (7th ed.), 634, 635 (§ 380), and cit.; 48 C. J. 939, 941, and cit.

■ The early English rules as to charitable trusts have been almost fully adopted in Georgia (Code, §§ 108-201-108-204, 113-807, 113-815; *Beall* v. *Fox,* 4 *Ga.* 404 (2-4), 422; *Beckwith* v. *Rector &c. of St. Philip's Parish,* 69 *Ga.* 564 (1, 2, 4), 569), and it has been said that the rule against perpetuities does not apply to charities (Jones *v.* Habersham, 107 U. S. 174, 185, 2 Sup. Ct. 336, 27 L. ed. 401). "This is true when the gift is made in such a way that the interest vests in the charity immediately or within the time permitted for the vesting of future interests, and in such cases a public or charitable trust may be perpetual in its duration, and the property may be left to trustees who may be self-perpetuating." *Regents of the University System* v. *Trust Co.,* 186 *Ga.* 498, 512 (198 S. E. 345, 121 A. L. R. 125); 21 R. C. L. 310 (§ 38), and cit. By the great weight of authority, the law allows an estate, even

though it be for a charity, to be accumulated *previously to its vesting* only for the period allowed by the rule against perpetuities; and a grant or devise for a charitable use, which is conditioned upon its vesting only after the termination of a trust for accumulation, is void for remoteness, if the period of accumulation may *possibly* exceed that prescribed by the rule. Girard Trust Co. *v.* Russell, 179 Fed. 446, and cit.; Andrews *v.* Lincoln, 95 Me. 541 (50 Atl. 898, 56 L. R. A. 103); First Camden National Bank *v.* Collins, 114 N. J. Eq. 59 (168 Atl. 275, 276); 21 R. C. L. 343, § 83; 48 C. J. 989, 990, § 80, and cit. Accordingly, if by the terms of a gift for charitable uses its vesting is postponed beyond the period of the perpetuity rule, this rule will be applied just as in cases of the creation of other future interests. The rule just stated, however, does not seem to have application where a devise to one charity is limited over after a devise to another charity. 10 Am. Jur. 597, § 18, and cit.; 21 R. C. L. 310, 316, 322, §§ 38, 46, 55, and cit. Cases where the gift does in fact vest in the charity immediately on the death of the testator or within the period required by the perpetuity rule are not in conflict with the rule here stated. Even though it should be true that an accumulation provision in a grant or legacy to a charity might be taken as invalid for the reason that it extends the period of accumulation for an unreasonable period, and might thus become subject to control by a court of equity, any such invalidity of such an accumulating provision would not operate to invalidate the grant or legacy, where the grant or legacy itself is made to vest unconditionally in the charity within the period required by the perpetuity rule. See *Perkins* v. *Citizens & Southern National Bank,* post, 29, where the gift vested immediately in the named charity, and where from the testamentary scheme it did not appear that the prescribed accumulation must be taken as a condition precedent to the vesting *in præsenti* of the gift.

Applying the principles set forth to the facts in this case, none of the residuary bequests in the will were valid. With respect to both the first bequest and the second bequest, there was no vested gift *in præsenti* or one vesting within the period required by the rule against perpetuities; but, on the contrary, the testamentary scheme necessarily implied that the purpose of the testator was to affix as a condition to the bequest of a small sum of money, approximately $1700, that it should be held in trust by the trustees

to accumulate for approximately two hundred years, in order that it might reach the amount of $600,000 in the first instance, and $450,000 in the second instance, before it was to be conveyed by the trustees to the respective beneficiaries. In the first instance, it was specified that approximately $100,000 should be expended to acquire land, and that other large sums were to be expended to erect extensive buildings. In the second instance, still larger sums were specified for acquiring land, erecting buildings, and other stated purposes. It is apparent that, since the will provided that the $1700 and its increment be withheld by the trustees in both instances until the required accumulation had been completed, before the funds could be conveyed by the trustees to either beneficiary, and since it is manifest that the purposes stated could in no wise be attempted until such accumulation had been effected, it follows that the accumulation by the trustees, provided for in the will, constituted a necessary condition precedent, which prevented either the first or the second bequest from vesting either immediately or within the period required by the perpetuity rule.

(a) With respect to the first beneficiary, it took no interest under the will, for the additional reason that its bequest was expressly made contingent upon its continuing to hold certain described realty, which under the allegations of the petition it had failed to do.

(b) As to the second beneficiary, it could take no vested interest under the will, for the additional reason that its bequest was expressly made contingent upon the failure of the bequest to the first beneficiary, because of its loss of the described realty, the vesting of which future interest might have been postponed beyond the period required by the perpetuity rule.

(c) While it is true that under the terms of the will the municipality, as the third beneficiary in the event the first two should fail, was to receive the fund from the trustees upon the determination of such fact, and the accumulation to the extent of the $600,000 was to be effected, not by the trustees, but by the municipality, nevertheless the bequest to the city as such contingent beneficiary was also invalid. This is true not only for the reason that the gift, not being one vested *in præsenti* or vesting within the period prescribed by the perpetuity rule, was *contingent* on the failure of the two preceding gifts, but for the reason that the gift was

also expressly made *contingent* "upon the determining of [the] fact" that neither of the first two beneficiaries would be "permitted to avail itself of the provisions of this bequest," before the trustees were directed to convey to the city the trust fund "as existing at that time." Since the right to question the existence of a perpetuity as to the first two beneficiaries was one which could be asserted only by "one having an interest in the property," and such a right is one which "may be lost upon the ordinary principles of estoppel" (48 C. J. 1036, §§ 171, 172), and since the right of the city to take depended, not on the invalidity itself, but upon a *determination* thereof, which might or might not occur within the perpetuity period, under any view as to the contingent nature of the city's rights it took no valid interest under the will.

Under the preceding holdings, the judge did not err in overruling the demurrers of all the defendants to the petition on the ground that it stated no cause of action.

*Judgment affirmed. All the Justices concur.*

ATKINSON, P. J., concurs in the conclusion, but not in all that is said in the opinion.