FIRST NATIONAL BANK OF ROME *et al.,* exrs., *v.* YANCEY *et al.*

WYATT, J. First National Bank of Rome, Georgia, and Mrs. Florence Yancey Newton filed their petition in Floyd Superior Court in the capacity of executors and trustees under the will of Hamilton Yancey, in which they named the legatees under the will as defendants. The prayer was for a construction of certain provisions of the will. The only question presented here is as to the time from which interest should be charged against two of the legatees on certain indebtedness —whether from the date of the indebtedness, the date of the will, or the date of the first distribution under the will. It is alleged that this construction is now necessary for the reason that the executors and trustees are ready to make a distribution. The trial court entered a judgment construing the will. The exception is to that judgment. *Held*: The bill of exceptions was filed by the plaintiff in error as executor and trustee under the will of Hamilton Yancey. There are no other exceptions to the judgment rendered. The plaintiffs in error in their capacities of executors and trustees filed a petition in the lower court in which they prayed that the will be construed. The prayer was granted and the will construed. No one complains of that judgment other than the plaintiffs in error in their representative capacities. "It has, we believe, ever been the law, both in this State and in other jurisdictions, that a party not aggrieved by the judgment of a trial court is without legal right to except thereto, since he has of it no just cause of complaint. See *Townsend* v. *Davis,* 1 *Ga.* 495; *O'Halloran* v. *O'Halloran,* 49 *Ga.* 301; *Brown* v. *Atlanta,* 66 *Ga.* 76; *Braswell* v. *Equitable Mortgage Co.,* 110 *Ga.* 30; *Collier* v. *Hyatt,* Id. 317; *Orr* v. *Webb,* 112 *Ga.* 810, and cases cited; 2 Tidd's Prac. *1135; 3 Bac. Abr. 330; 2 Enc. Pl. & Pr. 160, 161, 167. 'In legal acceptation, a party is aggrieved by a judgment or decree when it operates on his rights of property, or bears directly upon his interest.' 2 Cyc. 633, and citations. As was pertinently remarked by Chief Justice Jackson in *Brown's* case, supra: 'When a plaintiff in error brings a case here, he must show

error which has hurt him. This court is not an expounder of theoretical law, but it administers practical law, and corrects only such errors as have practically wronged the complaining party.' " *Lamar* v. *Lamar,* 118 *Ga.* 694, 687 (45 S. E. 498). In the instant case, the plaintiffs in error in their representative capacities have no right to complain. They got what they prayed for, a construction of the will. None of the legatees under the will, all of whom were before the court, complains. The plaintiffs in error, as executors and trustees, when they comply with the order of the trial court construing the will, will be fully protected, for the reason that none of the legatees, as such, has seen fit to complain of the judgment. The fact that title to the property belonging to the estate is vested in the trustees, under the facts of this case, makes no difference. All of the parties at interest were before the court, and if they did not complain of the judgment rendered, it was not the duty, nor right, of the executors and trustees to do so for them. Many other cases could be cited, but we deem it unnecessary since the *Lamar* case, supra, is controlling. The motion to dismiss the bill of exceptions must be granted and the bill of exceptions dismissed.

*Bill of exceptions dismissed. All the Justices concur.*

No. 17261. NOVEMBER 13, 1950.

*Wright, Rogers, Magruder & Hoyt,* for plaintiffs.

*Hamilton Yancey. Jr.,* in propria persona.

*Charles S. Barton, Lokey & Bowden, Matthews, Owens & Maddox,* for defendants.

