20282. HOLLAND *et al.,* Executors, *v.* KING *et al.*

HAWKINS, Justice. This was a proceeding to construe the will of Roy Stevenson King, executed August 31, 1955, and to have declared void Items XIV and XVIII, which it is alleged are in violation of Code (Ann.) § 113-107, as being charitable bequests made to educational or civil institutions to the exclusion of the plaintiff, Robert King, the sole surviving child of the testator by adoption, who was adopted by the testator and his wife, now deceased, in 1920, at the age of approximately 4 years, so as to render said child "capable of inheriting petitioners' property," the testator having died November 7, 1955; Item III of the will providing: "I give and bequeath to my adopted son, Robert King, the sum of one hundred ($100.00) dollars in cash and my best wishes." We deem is unnecessary to set out Items XIV and XVIII of the will, since the trial court has not construed the will; the sole exception here being to the denial of the motion of the two executors under the will to dismiss the petition of the plaintiff Robert King. A motion to dismiss the bill of exceptions has been filed, which recites that the two plaintiffs in error, who are merely executors under the will, have not been adversely affected by the judgment appealed from, and that the other defendants in the trial court, Regents of the University System of Georgia, and Trustees of Ohio State

University, have not joined in the bill of exceptions as parties plaintiff, and therefore the plaintiffs in error are not aggrieved parties who can appeal the judgment of the trial court. *Held:*

1. "An executor has an undoubted right to except to a decree whereby he is deprived of commissions to which he is legally entitled; but where all the persons interested in bringing about a proper distribution of the assets of an estate are before the court, either in person or through representatives other than the executor himself, he is under no duty, and therefore it is not his privilege, to bring under review the correctness of the decree entered, in so far as it affects the interests of other parties to the litigation who are satisfied with the result thereof." *Lamar* v. *Lamar,* 118 *Ga.* 684 (2) (45 S. E. 498).

2. "When a plaintiff in error brings a case here he must show error which has hurt him. This court is not an expounder of theoretical law, but it administers practical law, and corrects only such errors as have practically wronged the complaining party." *Brown* v. *City of Atlanta,* 66 *Ga.* 71, 76.

3. Commissions or other remuneration for services rendered by the executors and costs of administration are not at issue in this litigation; and since it affirmatively appears from the record that all of the parties interested in the construction of Items XIV and XVIII of the will were before the trial court, either in person or through representatives other than the executors themselves, and "they did not complain of the judgment rendered, it was not the duty, nor right, of the executors . . . to do so for them." *First National Bank of Rome* v. *Yancey,* 207 *Ga.* 437 (62 S. E. 2d 179). Accordingly, the motion to dismiss the bill of exceptions must be granted.

*Writ of error dismissed. All the Justices concur.*

ARGUED JANUARY 15, 1959—DECIDED FEBRUARY 6, 1959—
REHEARING DENIED MARCH 6, 1959.

*Paul H. Anderson, Stephens Mitchell, William M. Pate, Crenshaw, Hansell, Ware & Brandon,* for plaintiffs in error.

*Alex C. King, Clarence H. Calhoun, Jr., Eugene Cook, Attorney-General, John Sammons Bell, Crenshaw, Hansell, Ware & Brandon, Inman Brandon,* contra.