21379. FULLER *et al.* v. FULLER,
Administratrix, *et al.*
21394. FULLER *et al.* v. FULLER *et al.*
21395. FULLER v. CITIZENS TRUST CO. *et al.*,
Trustees, *et al.*

ARGUED SEPTEMBER 14, 1961—DECIDED OCTOBER 5, 1961.

*T. W. Holmes, Hugh W. Stone, Noah J. Stone,* for plaintiffs in error (Case No. 21379).

*Ben J. Camp, D. R. Jones, Wotton, Long & Jones, John L. Westmoreland, M. K. Pentecost, Mitchell, Clarke, Pate & Anderson,* contra.

*Ben J. Camp,* for plaintiffs in error (Case No. 21394).

*Noah J. Stone, D. R. Jones, Wotton, Long & Jones, John L. Westmoreland, Harry P. Hall, Jr., Mitchell, Clarke, Pate & Anderson,* contra.

*John L. Westmoreland, John L. Westmoreland, Jr., Harry P. Hall, Jr., M. K. Pentecost, Jr.,* for plaintiff in error (Case No. 21395).

*Noah J. Stone, Ben J. Camp, D. R. Jones, Wotton, Long & Jones, Mitchell, Clarke, Pate & Anderson,* contra.

DUCKWORTH, Chief Justice. ■ Since in paragraph 14 of her answer, Barbara Jean Fuller Johnson admitted, and it was stipulated on page 8 of the bill of exceptions that she filed 19 separate ejectment suits in which she claimed an interest in 507, 515 Irwin Street property which was specifically bequeathed under item 11 of the will to Eldred Fuller, it is obvious beyond reasonable dispute that she instituted proceedings to invalidate the provision of the will found in item 11, and consequently,

forfeited her benefits under the will under the provisions of item 25 thereof. We are not here dealing with elections under *Code* § 113-819 under which this court has held that an abortive attempt to secure property adverse to the will is not an election. *Harber v. Harber,* 158 Ga. 274 (123 SE 114); *Lamar v. Mc-Laren,* 107 Ga. 591 (34 SE 116); *Holliday v. Pope,* 205 Ga. 301 (53 SE2d 350). Here we are dealing with the plain words of the testator found in item 25 of his will. He there said the forfeiture would result, not from a defeat of the will but rather from the institution of proceedings contesting the validity of the will or any of its provisions. It is too obvious to call for argument that the proceedings in ejectment here under consideration are designed to render the gift under item 11 invalid. We need not await the outcome of the ejectment proceedings in order to know the objective is to invalidate item 11. Consequently we hold that by such action this beneficiary lost all benefits under the will. It further appears that this same beneficiary in ejectment suit No. A-74400, Fulton Superior Court, sought to recover from the executors a forty-fifth interest in property located at 194 Haygood Avenue, which property was by item 5 of the will bequeathed to W. D. Fuller, and by ejectment suit A-73564, she sought to recover a one-sixth undivided interest in Lot 10 on Moseby Drive, which was bequeathed to W. E. Fuller, Jr., under item 15 of the will. In each of such ejectment suits she sought to invalidate the foregoing provisions of the will, and likewise, thereby lost her benefits under the will in virtue of the provisions of item 25 of the will.

Accordingly, the court erred in ruling that this beneficiary did not forfeit her benefits under the will, and in Case No. 21394, the judgment is reversed. And in Case No. 21379, this part of the judgment as therein excepted to is reversed. Here the testator devised specified property, and there is no room for speculating that he intended only to devise such interest, less than full title, as he might have therein. Consequently, such cases as *Joseph v. Citizens & Southern Nat. Bank,* 210 Ga. 111 (78 SE2d 193); *McGinnis v. McGinnis,* 1 Ga. 496; *First National Bank &c. Co. v. Roberts,* 187 Ga. 472 (1 SE2d 12); and 57 Am. Jur. 106, § 104, cited by the defendants in error are inapplicable.

But when we move on to beneficiaries Mattie Fuller Westbrooks, Douglas and Alberta Fuller, a different case is presented. For it does not appear that the lands any of them sought to recover by their ejectment suits had by the will been devised even by the residuary clause. By the latter clause the testator devised only property that belonged to him without identifying it. Consequently, if it be found in the ejectment suits that the properties therein involved, belong to the petitioners therein, such findings would neither contradict nor invalidate the will or any of its clauses. It is held therefore that as to these three beneficiaries they did not forfeit their benefits under the will by instituting ejectment proceedings. It follows that as to these defendants in Case No. 21379 the judgment on this question is affirmed. Our ruling on this question as relates to Barbara Jean Fuller Johnson is in accord with *Code* § 113-820 in so far as it is there required as a condition in terrorem, "there is a limitation over to some other person," even though the purported trust be held void, for the reason that the beneficiaries under the residuary bequest are named and will take immediately if no trust is created.

■ The attempt to create a trust is so obviously contrary to law that little discussion of that matter is thought necessary. Indisputably the will expressly authorizes a continuance of the trust for a period of 25 years. In this respect it squarely conflicts with *Code Ann.* § 85-707 (Ga. L. 1953, Jan.-Feb. Sess., p. 42). Time limitation fixed by statute is through any number of lives in being at the time when the limitations commence and 21 years, and the usual period of gestation added thereafter. "A limitation beyond that period the law terms perpetuity and forbids its creation." Counsel have made the argument that since under this trust a number of persons are made beneficiaries, this satisfies the statutory reference to "any number of lives in being." But we are compelled to reject such argument because there is nothing in the purported trust that contemplates such lives plus 21 years and the period of gestation. Should the life of every person included therein end at the same time the testator died, by its terms, the trust could continue thereafter for 25 years. There is only one specification of the time for

the trust to continue which is 25 years. And this is unrelated to the life of any person therein referred to. The purported trust was in violation of the rule against perpetuities (*Code Ann.* § 85-707), and is therefore void. *Murphy v. Johnston,* 190 Ga. 23 (8 SE2d 23); *Perkins v. Citizens & Southern Nat. Bank,* 190 Ga. 29 (8 SE2d 28). It follows that the portion of the judgment holding the trust void and excepted to in Case No. 21379 must be affirmed.

We will not deal with the matter of whether or not the executors should be allowed to except (*Lamar v. Lamar,* 118 Ga. 684, 45 SE 498; *Holland v. King,* 214 Ga. 723, 107 SE2d 805), since they are joined by legatees who can except, and consequently it is immaterial.

■ The widow's exception in Case No. 21395 is to the judgment which denies her the right to dower as provided by *Code* § 31-101. It will be noted from the foregoing statement of the facts that the testator gave his wife $5,000 cash, and added in the same item "it being my intention to also make other provisions for her during my lifetime." There is neither an expressed nor implied intention of the testator that what is given her is in lieu of dower. If the testator would not say it was in lieu of dower this court will not do so.

Counsel have cited *Miller v. Cotten,* 5 Ga. 341 (5); and *Worthen v. Pearson,* 33 Ga. 385 (81 AD 213). The former states merely that "he who accepts a benefit under a deed or will must adopt the whole contents of the instrument, conforming to all its provisions, and renouncing every right inconsistent with it." That is a well-established rule of law but it constitutes no obstacle to the wife's receiving dower in this case where manifestly there could be no conflict in her dower and any provisions of the will. The testator must be charged with having known of the law giving the wife dower (*Code* § 31-101), and having made his will subject thereto. Indeed no bequest can fail because the widow is given a dower therein, but it is simply burdened with the dower for its duration, and thereafter the legatee will own it free from the encumbrance of the dower. In *Worthen v. Pearson,* supra, the testator devised 1000 acres of land to his son Jeremiah, and said: "I enjoin upon my son,

Jeremiah, to give his mother a home and support during life, having given him, as I conceive, the most valuable share in my real estate. *I make her support a charge upon the same."* The wife elected to take dower out of this same 1,000 acres of land, and the court held she was not entitled to the support from the son to whom it was willed. Thus a case was made where the wife could have one but not both interests in the same land. Headnote 2 states it as follows: "A charge of an annuity upon the land, or 'a support and home' for her, is sufficient to put her upon her election." We have no such facts in the present case.

Our law, *Code* § 31-103, provides in substance that if the husband by will gives his wife an interest in land, her election of dower will deprive her of that devise. That is precisely what was ruled in *Worthen v. Pearson*, supra. But the Code section last cited goes further and provides that the wife's receiving dower does not deprive her of any bequeathed interest in personalty. Here she was bequeathed personalty only in the form of $5,000, and she can obtain dower without forfeiting this bequest. For the wife's acceptance of the $5,000 given to her by the husband's will to bar her right to dower, it is essential that she expressly accept it in lieu of dower, or the intention of the husband must be "plain and manifest" that it shall be in lieu of dower. *Code* § 31-110 (2); *Tooke v. Hardeman*, 7 Ga. 20 (1); *Mitchell v. Word*, 60 Ga. 525; *Holt v. First Nat. Bank & Trust Co.*, 180 Ga. 184 (178 SE 433).

To estop the widow from claiming dower it would have to appear that such dower would defeat some provision of the will. Obviously, such does not appear, for whatever land she might be given dower in would remain the land of the legatee subject only to her dower. *Tooke v. Hardeman*, supra. It is therefore held that nothing in her husband's will, nor her action in accepting the $5,000 given her under the will, constitute any grounds whatever for denying her dower as the law provides.

But we must now go further and rule whether or not the widow has the right to discharge debts secured by lands of the testator with her own funds and then obtain dower in such lands. A decision on this question is rendered exceedingly difficult by both our statutes and decisions of this court. We find

*Code* § 31-101 limiting dower to lands "of which the husband was seized and possessed at the time of his death, or to which the husband obtained title in right of his wife." Then we find in *Code* § 31-106 that: "Dower may be assigned in lands held under deed, bond for title, or other instrument in writing having like effect, where a portion of the purchase money has been paid, but the estate in dower shall be liable for the unpaid purchase money where the vendee held under bond for titles or other instrument having the same effect, or under deed where contemporaneously with the execution of the deed the vendee encumbered the land with a mortgage for the purchase money." Then we find the following decisions of this court, and there are perhaps more to the same effect, holding that the widow was not entitled to dower in lands which had been conveyed by deed to secure debt, and the secured debt was unpaid at the testator's death. *Connelly v. Swann*, 141 Ga. 112 (80 SE 553); *McPhaul v. McPhaul*, 150 Ga. 486 (104 SE 241); *McDonald v. McDonald*, 120 Ga. 403 (47 SE 918); *Harris v. Powers*, 129 Ga. 74 (58 SE 1038, 12 AC 475); *Cook v. First Nat. Bank of Colquitt*, 158 Ga. 175 (122 SE 686). None of these cases involved a situation like the case before us where the widow sought to discharge the lien against the land with her personal funds, and then obtain dower in the land thus belonging to her husband's estate. In the *Cook* case, supra, the administratrix paid the secured debt with funds belonging to the estate, and it was held that the widow could not have dower in the land thus freed from the debt because this would be taking funds belonging to creditors or their heirs to perfect the right of the widow. In *Harris v. Powers*, supra, it was said, though perhaps it was dictum, that the widow there was not entitled to dower either in the lands as a whole or in the equity of redemption, "at least not without first redeeming the property." It was also said in that opinion (p. 84) that the privilege of the wife to redeem land which had been conveyed by the husband to secure a debt was recognized and "seems to have become imbedded into our law, as will be seen by consulting the authorities above cited." In *Kinnebrew v. McWhorter*, 61 Ga. 33, it was said, "if the deed was executed merely as a security for money borrowed, as the complainant alleges it was, then the complainant was not entitled to her

dower in the land until she had paid, or offered to pay, the amount of the principal borrowed, with the lawful interest due thereon, which she has not done nor offered to do."

We believe we have cited enough law to show the confusion and also to enable us to reach a decision on this point. In view of the provisions of *Code* § 31-106 it is not required that the husband hold unencumbered fee simple title of land at his death in order for his widow to have dower therein. Unquestionably the holder of a bond for title has precisely the same interest as the maker of a security deed, for in each case payment of the amount owing, whether purchase money or borrowed money, entitles one to receive full title. Why the legislature omitted security deeds when mentioning bonds for title in *Code* § 31-106 we do not know. But it appears that the legislature intended more than what is specifically enumerated since it is there said: "or other instrument in writing having like effect," and again "where the vendee held under bond for titles or other instrument having the same effect." Deeds to secure debt under Title 67 of the Code when the debt is paid automatically cease to have validity, and title reverts to the maker of such deed. This is precisely what is accomplished by conveyances pursuant to full payment of the amount called for by a bond for title.

While some of the cases above cited held that the wife could not have dower in lands subject to deeds to secure debt on the death of her husband, none held that she could not pay the debt and then have dower; while *Kinnebrew v. McWhorter,* 61 Ga. 33, supra, and *Harris v. Powers,* 129 Ga. 74, supra, clearly implied that she could do so.

We believe there is no excuse for allowing the uncertain and intolerable condition of the law in this respect to continue. It is vitally important that representatives of estates, creditors, heirs, legatees, and widows know exactly what the law provides.

Careful consideration has brought us to the conclusion that the widow can pay the debts which the deeds secure and thereupon have dower in the land thus freed from the debt. Accordingly, the judgment denying her this right must be reversed.

*In accord with the foregoing opinion the judgment is reversed in Cases Nos. 21394 and 21395; and reversed in part and affirmed in part in Case No. 21379. All the Justices concur.*